UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONUMENTAL TASK COMMITTEE, INC., | * | CIVIL ACTION |
| LOUISIANA LANDMARKS SOCIETY, FOUNDATION | * | |
| FOR HISTORICAL LOUISIANA, INC. and | * | NO. |
| BEAUREGARD CAMP No. 130, INC. | * | |
| Plaintiffs | *. | SECTION |
| | * | |
| VERSUS | * | MAGISTRATE |
| | * | |
| ANTHONY R. FOXX, in his official capacity as | * | |
| Secretary of Transportation; UNITED STATES | * | |
| DEPARTMENT OF TRANSPORTATION; | * | |
| MATTHEW WELBES, in his official capacity as | * | |
| Executive Director of the Federal Transit Administration; | * | |
| FEDERAL TRANSIT ADMINISTRATION, a Division | * | |
| of the UNITED STATES DEPARTMENT | * | |
| OF TRANSPORTATION; | * | |
| NEW ORLEANS REGIONAL TRANSIT AUTHORITY; | * | |
| THE HON. MITCHELL J. LANDRIEU, in his official | * | |
| capacity as Mayor of the CITY OF NEW ORLEANS; and | * | |
| the CITY OF NEW ORLEANS | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFIED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW INTO COURT, through undersigned counsel, come Monumental Task

Committee, Inc., Louisiana Landmarks Society, Foundation for Historical Louisiana, Inc.,

and Beauregard Camp, No. 130, Inc., and respectfully represent as follows.

## INTRODUCTION

1.

This is a Complaint for Declaratory and Injunctive Relief.  Plaintiffs request issuance

of a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction

against the Honorable Mitchell J. Landrieu and the City of New Orleans, barring them from

removing, moving, disassembling, placing into storage or tampering in any way with the Robert E. Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument, or the Liberty Monument while this Court considers plaintiffs claims against all defendants.

2.

In addition, plaintiffs request Judgment declaring defendants Anthony R. Foxx, the United States Department of Transportation, Matthew Welbes, and the Federal Transit Administration violated the Department of Transportation Act (DOT Act) and the National Historic Preservation Act (NHPA) by allowing a federal transit project or undertaking to adversely affect two sites on the National Register of Historic Places (the Lee Monument and the Beauregard Equestrian Monument), another site that has been nominated for inclusion on the National Register (the Jefferson Davis Monument), and the historically significant Liberty Monument.  Judicial review of the Department of Transportation's actions is proper pursuant to the Administrative Procedures Act and 49 U.S.C. § 351.

3.

For the purpose of preventing immediate harm to these sites, thus rendering moot the federal claims asserted herein, this Court is empowered by the Administrative Procedures Act, the NHPA and the DOT Act to enjoin non-federal defendants, specifically the City of New Orleans, from removing, moving, damaging or adversely impacting any of the four monuments during the pendency of this litigation.

4.

Plaintiffs' DOT Act and NHPA claims are joined with several claims under 42 U.S.C. § 1983 alleging the defendants' actions deprive plaintiffs of their right to due process of law and their right to equal protection of the laws.  This Court is authorized to issue an injunction pursuant to both 42 U.S.C. § 1983 and the Court's inherent and equitable power to exercise its jurisdiction and prevent irreparable injury pending the outcome of the litigation.

5.

In an additional federal claim, plaintiffs allege the defendants' effort to remove the Liberty Monument violates terms of a Consent Order agreed to by the City of New Orleans and federal and state preservation agencies, pursuant to which the Liberty Monument was to remain intact at its present location.  That settlement is *res judicata* and cannot be altered, amended or overturned without reopening the judicial proceedings in which the Consent Order was entered and/or underlying NHPA § 106 proceedings.

6.

Any effort to remove the Liberty Monument is a separate violation of the National Historic Preservation Act because the City of New Orleans was a recipient of federal funds used to refurbish and/or move the Liberty Monument.

7.

Plaintiffs have also joined a state law claims over which this Court has supplemental jurisdiction: removal of the four monuments pursuant to § 146-611 of the New Orleans City

3

Code is a violation of Article 12, § 4 of the Louisiana Constitution.

## PARTIES

8.

Monumental Task Committee, Inc. (sometimes referred to as MTC) is a 501(c)(3) corporation in good standing with the Louisiana Secretary of State, and is duly authorized to act herein.

9.

Louisiana Landmarks Society (sometimes referred to as Louisiana Landmarks) is a Louisiana not for profit corporation in good standing with the Louisiana Secretary of State, and is duly authorized to act herein.

10.

Foundation for Historical Louisiana, Inc. (sometimes referred to as Historical Louisiana) is a 501(c)(3) corporation in good standing with the Louisiana Secretary of State, and is duly authorized to act herein.

11.

Beauregard Camp No. 130, Inc. (sometimes referred to as Beauregard Camp), is a 501(c)(3) corporation in good standing with the Louisiana Secretary of State, and is duly authorized to act herein.

12.

Defendant Anthony R. Foxx is the Secretary of the United States Department of Transportation.  He is made defendant in his official capacity.

13.

Defendant United States Department of Transportation is responsible, *inter alia*, for approval and funding of municipal mass transportation projects, including light rail lines and streetcar lines, through the TIGER (Transportation Investment Generating Economic Recovery) Competitive Grant Program.

14.

Defendant Matthew Welbes is the Executive Director of the Federal Transit Administration.  He is made defendant in his official capacity.

15.

Defendant Federal Transit Administration is an agency within the United States Department of Transportation that provides financial and technical assistant to public transit systems.

16.

Defendant New Orleans Regional Transit Authority (sometimes referred to herein as RTA) is a public transportation agency operating bus and streetcar lines in the City of New Orleans, and is made defendant in the event it is held to be an indispensable party.

17.

Defendant the Hon. Mitchell J. Landrieu is the Mayor of the City of New Orleans. He is made defendant in his official capacity.

18.

Defendant the City of New Orleans is a municipal subdivision of the State of Louisiana.

**JURISDICTION**

19.

This Court has jurisdiction over this matter because it involves claims arising under the laws of the United States of America, including the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.; 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the Constitution of the United States of America; the National Historic Preservation Act, 54 U.S.C. § 300101 *et seq.*;  the Department of Transportation Act, 49 U.S.C. § 303 *et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201; 28 U.S.C. § 1331; and 28 U.S.C. § 1367.

**VENUE**

20.

Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(e) because a defendant is an officer or employee of the United States and an agency thereof, acting in his official capacity, and a substantial portion of the events or omissions giving rise to the claims asserted herein occurred within this judicial district.  Venue is also proper under 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

## PLAINTIFFS' INTEREST IN
## THE SUBJECT MATTER OF THIS LITIGATION

21.

Louisiana Landmarks Society is one of the preeminent organizations devoted to historic preservation in Louisiana.  It has its headquarters in New Orleans.

22.

Members of the Board of Trustees of Louisiana Landmarks are volunteers with a passion for historic preservation.  Louisiana Landmarks is a non-partisan, apolitical organization that seeks to preserve historic structures, sites and neighborhoods in the greater New Orleans area.  Its members, contributors, volunteers, and supporters come from all social and economic strata.  Louisiana Landmarks also serves as an educational resource for architecture and history students, and for preservation professionals and advocates.

23.

For over 60 years Louisiana Landmarks has contributed countless hours of volunteer effort toward preservation and protection of historic structures, sites and neighborhoods in the greater New Orleans area.  The efforts of Louisiana Landmarks' Board of Trustees and staff, and the participation of its volunteer members, creates and affords to Louisiana Landmarks a property right and interest in the four monuments.

24.

Louisiana Landmarks Society and its individual members have a recognizable interest in the aesthetic and cultural well-being of the City of New Orleans and in the preservation and maintenance of the four monuments at issue in this litigation.  Additionally, Louisiana Landmarks was a party in administrative proceedings under the NHPA, and in related USDC proceedings, in which the City entered a Consent Order pertaining to Liberty Monument.

25.

Foundation for Historical Louisiana was founded in Baton Rouge in 1963 to foster an appreciation of Louisiana's rich cultural heritage, and to preserve and protect historic buildings, sites and other structures threatened by neglect, abandonment and development.

26.

Foundation for Historical Louisiana is a non-partisan organization with members from across the state.  The Foundation focus is not parochial; it champions historic preservation projects throughout the region. In the past the Foundation has worked to restore the Heidelberg Hotel/Capitol House, the Louisiana State Capitol, the Pentagon Barracks at LSU, the Old Governor's Mansion, and Magnolia Mound.

27.

Like Louisiana Landmarks, Foundation for Historical Louisiana draws members and supporters from all social and economic circles.  The efforts of the organization's Board of Directors, its staff members, and its numerous volunteers contribute countless hours of effort

8

toward preservation and protection of historic sites, structures, buildings and neighborhoods in this region.  The efforts of Foundation for Historical Louisiana's Board of Directors, staff, and volunteers invests Foundation for Historical Louisiana with a pecuniary or property right in the four monuments.

28.

Foundation for Historical Louisiana and its individual members, have a recognizable interest in the aesthetic and cultural well-being in the City of New Orleans, and in the preservation and maintenance of the four monuments at issue in this litigation.

29.

Beauregard Camp No. 130, Inc. is an autonomous, local chapter of the Sons of Confederate Veterans.  Beauregard Camp provides an informal and occasionally social setting for the study of events related to the Civil War.

30.

Members of the Beauregard Camp are descendants of Confederate veterans residing in Orleans and surrounding parishes.

31.

Beauregard Camp No. 130 was chartered in 1899 to preserve the memory and good name of General P.G.T. Beauregard, General Robert E. Lee, Jefferson Davis, and all Confederate veterans and elected civil servants who served honorably in the Civil War.

32.

For more than one hundred years Beauregard Camp has participated in numerous public events at the site of the Beauregard Equestrian Monument, the Lee Monument, the Davis Monument and other historic monuments across the City of New Orleans. Beauregard Camp has used the Beauregard Equestrian Monument, the Lee Monument and the Jefferson Davis Monument as the location of events commemorating the birthday of General P.G.T. Beauregard, Lee-Jackson Day, Confederate Memorial Day and other important events connected to the Civil War.

33.

Beauregard Camp's activities are enhanced by and benefit from use of monuments related to the Civil War.

34.

Some members of the Beauregard Camp reside in the vicinity of the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument, though their interest in these sites is based on more than mere proximity.

35.

Beauregard Camp and its individual members have a recognizable interest in the aesthetic and cultural well-being of the City of New Orleans in general, and in particular the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

36.

Monumental Task Committee, Inc. is a 501(c)(3) corporation founded in 1989 by Pierre McGraw.  Monumental Task Committee has invested upwards of $10,000 per year toward preservation of the City of New Orleans' historic monuments.

37.

Since 1989 Monumental Task Committee has been the only organization or entity caring and maintaining for the monuments, statues and similar structures in the City of New Orleans.  Monumental Task Committee has cleaned, maintained, repaired and preserved the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument.

38.

Monumental Task Committee, Inc. and its individual members have a recognizable interest in the aesthetic and cultural well-being of the City of New Orleans in general, and in particular the Lee, Beauregard, Davis and Liberty monuments.

39.

The actions of the defendants have resulted, or will result, in an "injury in fact" to the plaintiffs' aesthetic, cultural and environmental well-being, as well as their property rights and liberty interests.

## THE DEFENDANTS

40.

Defendant United States Department of Transportation is an agency of the United States Government.  One of its stated purposes is to insure a safe, efficient and convenient transportation system in the United States.

41.

Defendant Anthony R.  Foxx is the Director of the United States Department of Transportation, and is sued in his official capacity.

42.

Defendant Federal Transit Administration is an agency within the United States Department of Transportation that provides financial and technical assistance to local public transit agencies.

43.

Defendant Matthew Welbes is the Executive Director of the Federal Transit Administration, and is sued in his official capacity.

44.

Defendant the Hon. Mitchell J. Landrieu is the Mayor of the City of New Orleans.

45.

Defendant the City of New Orleans is a municipal subdivision of the State of Louisiana, governed by a Home Rule Charter.

46.

Defendant New Orleans Regional Transit Authority is the agency operating public transportation in the City of New Orleans, and the party designated by defendants Anthony R. Foxx, United States Department of Transportation, Matthew Welbes, and Federal Transit Administration to prepare § 106 reviews under the National Historic Preservation Act, and § 4(f) review under the Department of Transportation Act.

## SITES ON THE NATIONAL REGISTER OF HISTORIC PLACES THREATENED BY FEDERAL ACTION

### THE ROBERT E. LEE MONUMENT

47.

The Robert E. Lee Monument was unveiled in 1884.  It was enrolled on the National Register of Historic Places in 1991.

48.

Through 125 years of custom, tradition and practice, the Lee Monument has been associated with, and has become an integral part of, the traditional St. Charles Avenue streetcar line.  The Lee Monument is therefore effectively a part of the network of streetcars planned, funded, constructed and maintained by the defendants.

## THE BEAUREGARD EQUESTRIAN MONUMENT

49.

The Beauregard Equestrian Monument, on Wisner Boulevard near the entrance to City Park, was unveiled in 1915. It was enrolled on the National Register of Historic Places in 1999.

50.

Erection of the Beauregard Equestrian Monument required relocation of tracks that were part of a network of streetcars spread across the City of New Orleans.  The current streetcar line is adjacent to this monument, and the monument is a key destination on the line.

51.

Through a century of custom, tradition and practice, the Beauregard Equestrian Monument has been associated with, and has become a part of, the streetcar network planned, funded, constructed and maintained by the defendants.

## JEFFERSON DAVIS MONUMENT

52.

The Jefferson Davis Monument was unveiled in 1911 and has been nominated for enrollment on the National Register of Historic Places.  It is located adjacent to the Canal Street streetcar line and is therefor a § 4(f) resource.

14

53.

Through 125 years of custom, tradition and practice the Jefferson Davis Monument has been associated with, and has become an integral part of, the network of streetcars planned, funded, constructed and maintained by defendants.

## LIBERTY MONUMENT

54.

The Liberty Monument presently stands in the 100 block of Iberville Street, between Canal Place and the Aquarium of the Americas.  It was originally erected at the foot of Canal Street and was part of the streetcar hub that existed for more than a century at that location.

55.

The Liberty Monument was moved to its current location pursuant to a Consent Order entered into by the City of New Orleans.

56.

Because the City of New Orleans used federal money, in particular a UDAG grant, as part of the program that moved the Liberty Monument, the requirements of § 106 of the National Historic Preservation Act are applicable to it.

## THE CONTROVERSY

57.

Defendants United States Department of Transportation, Anthony R. Foxx, Federal Transit Administration and Matthew Welbes are making significant technical and financial

15

contributions to the planning, funding, construction and maintenance of the public transportation infrastructure in New Orleans, including the construction of new streetcar lines; the refurbishment of existing streetcar lines; maintenance of existing streetcar lines; and the construction of buildings and structures that support the streetcar lines in New Orleans.

58.

The contributions of the United States Department of Transportation, Anthony R. Foxx, Federal Transit Administration and Matthew Welbes have facilitated or significantly contributed to planning, funding, construction and maintenance of, *inter alia*, the following:

(a)     the Loyola Avenue/Union Passenger Terminal Streetcar Expansion project;

(b)     a new streetcar line along North Rampart Street, from Canal Street to Elysian Fields Avenue;

(c)     construction of the Cemeteries Transit Center;

(d)     proposed construction of a streetcar line along St. Claude Avenue to Poland Avenue;

(e)     proposed construction of a downtown transportation hub in the Central Business District; and

(f)     refurbishment and rehabilitation of the historic St. Charles Avenue streetcar line.

59.

Defendants have stated that improvements to the city's streetcar system will afford access to the city's transit network from the Central Business District and reduce travel time

16

between residential areas, employment centers, and major activity centers.  This goal can be accomplished only by considering and treating the streetcar system as an integrated network.

60.

Defendants have further stated that the current New Orleans streetcar expansion is part of a three-phase effort to extend streetcars throughout the city, serving existing neighborhoods and developing an interconnected streetcar system.  This can only be accomplished by considering and treating the streetcar system as an integrated network.

61.

To accomplish the goal of connecting the Central Business District to residential areas, the streetcar expansion project joins the new and renovated streetcar lines with the traditional St. Charles Avenue streetcar line, at Canal Street, producing an integrated network.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE DEPARTMENT OF TRANSPORTATION ACT**

62.

Plaintiffs hereby incorporate, restate and reallege all preceding paragraphs.

63.

The defendants' actions described herein are a violation of the Department of Transportation Act (DOT Act) 49 U.S.C. § 101 *et seq*.

17

64.

The provision of the DOT Act still commonly referred to as § 4(f), which is now 49 U.S.C. § 303, declares it to be the national policy of the United States that special effort be made to preserve the natural beauty of the countryside, including historic sites.

65.

Defendants Anthony R. Foxx, United States Department of Transportation, Matthew Welbes and the Federal Transit Administration (sometimes referred to as the Federal defendants) are currently engaged in activities that constitute "use" of lands protected by the DOT Act, including the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

66.

The defendants failed to properly identify the nature and scope of a "project" that resulted in "use" of § 4(f) resources and failed to determine whether they are required to prepare a § 4(f) analysis of alternatives to minimize harm to sites on the National Register of Historic Places and sites that are NRHP eligible, including the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

67.

The true nature and scope of the "project" in which the defendants are engaged is the planning, funding, construction and maintenance of all phases of the streetcar network in the City of New Orleans.  Therefore, the defendants are obligated to conduct a § 4(f) analysis to

determine whether their "use" may result in harm to historic sites, including the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

68.

In February, 2015 the Department of Transportation released a § 4(f) Statement that was flawed, faulty and inadequate because it failed to assume that the planning, funding, construction and maintenance of the streetcar system in New Orleans was the scope of the project under review, and therefore failed to consider the extent to which the "project" resulted in "use" of § 4(f) resources.

69.

The defendants prepared an inadequate § 4(f) review of the "project" because they impermissibly divided the project into "segments."

70.

The Secretary of the Department of Transportation is not authorized to divide a single "project" into "segments" for purposes of § 4(f) review.

71.

For example, the Secretary of the Department of Transportation considered the Cemeteries Transit Center project to be a stand-alone project, and performed a § 4(f) review of it on that basis.

72.

In so doing, the Secretary failed to acknowledge that the whole of the "project," particularly maintenance of the traditional St. Charles Avenue streetcar line and the Loyola Avenue/Union Passenger Terminal Streetcar Expansion, as well as the new streetcar line along North Rampart Street, constitute "use" of § 4(f) resources, including the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.  This "use" requires a separate, comprehensive § 4(f) review.

73.

Plaintiffs are entitled to Judgment declaring that the Secretary of the Department of Transportation must disapprove further planning, funding, construction and maintenance of the streetcar network in the City of New Orleans until a proper § 4(f) review is completed.

74.

Because the planning, funding, construction and maintenance of the streetcar system in New Orleans is a federal project, defendants City of New Orleans, Hon. Mitchell J. Landrieu and Regional Transit Authority cannot avoid the requirements of § 4(f) even if they spend non-federal or donated funds in ways that result in harm to § 4(f) resources.

75.

Defendants City of New Orleans, Hon. Mitchell J. Landrieu and Regional Transit Authority cannot subvert the purpose and intent of § 4(f) with a bookkeeping "sleight of hand," or by a change in bookkeeping, or by shifting funds from one project to another, or

by accepting donated funds to achieve a goal that violates the letter and spirit of the DOT Act.

76.

This Court is authorized to review the actions of the Secretary of the Department of Transportation pursuant to both the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.*, and 49 U.S.C. § 351.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NATIONAL HISTORIC PRESERVATION ACT

77.

Plaintiffs incorporate, restate, and reallege all preceding paragraphs.

78.

The defendants' actions are a violation of the National Historic Preservation Act, 54 U.S.C. § 300101 *et seq*.

79.

The NHPA is applicable to all federal construction financing.  Congress enacted the NHPA to encourage historic preservation in the United States in both federal and federally assisted projects, and to assure that expenditure of federal funds would not adversely affect properties designated as historically or architecturally significant.  Pursuant to 54 U.S.C. § 306108, still commonly referred to as § 106, federal agencies are obligated to assess and take into account the effect of any "undertaking" on any historic property

21

80.

Defendants are engaged in an "undertaking" as that term is defined in 54 U.S.C. § 300320.

81.

The scope of defendants' "undertaking" is the planning, funding, construction and maintenance of all phases of the streetcar network in the City of New Orleans.

82.

The defendants previously acknowledge their "undertaking" may have an adverse effect on historic properties.

83.

However, the defendants failed to properly identify the true nature and scope of their "undertaking," and failed to adequately consider many historic properties on which the "undertaking" will have an adverse effect, including the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

84.

Because the planning, funding, construction and maintenance of all phases of the streetcar network in New Orleans is the nature and scope of defendants' "undertaking," the defendants are required to evaluate the streetcar system in New Orleans as a whole and determine whether the "undertaking" has the potential to cause adverse effects on historic properties along or adjacent to any of the streetcar lines, or properties that have been

integrated into and become a part of the streetcar network.

85.

Because the planning, funding, construction and maintenance of all phases of the streetcar network in New Orleans is the true nature and scope of defendants' "undertaking," the defendants are obligated to initiate the review process mandated by § 106 of the NHPA with respect to the whole of the streetcar network.

86.

A § 106 review previously performed by the Department of Transportation failed to accurately identify the area of potential effects (APE); failed to fully evaluate the APE for historic value because it failed to identify properties, buildings or sites enrolled on the National Register of Historic Places; failed to determine how the "undertaking" might effect the properties, buildings or sites with historic value; failed to recognize the "undertaking" will have an adverse effect on properties, buildings and sites with historic value; and failed to consult with the Louisiana State Historic Preservation Office to identify alternatives for modifications to the "undertaking" that could avoid, minimize or mitigate adverse effects on historic properties.

87.

Plaintiffs are entitled to Judgment declaring the Secretary of the Department of Transportation must disapprove further planning, funding, construction and maintenance of the streetcar network in the City of New Orleans until a proper § 106 review is completed.

88.

The NHPA does not allow parties to circumvent application of federal law by dividing an "undertaking" into "segments," some of which are accomplished with federal funds while others are constructed with state and/or local resources.

89.

State and local parties cannot avoid application of the NHPA by ostensibly constructing a project without federal funds while at the same time retaining federal money granted to them with the understanding they would foster the objectives of the NHPA.

90.

The defendants prepared an inadequate § 106 review of the "undertaking" because they impermissibly divided it into "segments."

91.

The Secretary failed to consider whether the "undertaking," particularly maintenance of the traditional St. Charles Avenue streetcar line and construction of the Loyola Avenue/Union Passenger Terminal Streetcar Expansion and the new streetcar line along North Rampart Street, will have an adverse effect on historic sites protected by the NHPA.

92.

The results of a proper § 106 review would have required the Secretary of Transportation to disapprove continued planning, funding, construction and maintenance of the streetcar network in New Orleans.

93.

Because planning, funding, construction and maintenance of the streetcar project in New Orleans is a federal project, defendants City of New Orleans, Hon. Mitchell J. Landrieu and Regional Transit Authority cannot avoid the requirements of § 106 even if they spend non-federal funds or donated money in ways that have an adverse effect on historic sites.

94.

Defendants City of New Orleans, Hon. Mitchell J. Landrieu and Regional Transit Authority cannot subvert the purpose and intent of § 106 by a bookkeeping sleight of hand or by shifting funds from one project to another, or by using donated funds to achieve a goal that violates the letter and spirit of the NHPA.

95.

Plaintiffs request an award of attorney's fees and costs as the "prevailing party" pursuant to 54 U.S.C. § 307105.

## THIRD CAUSE OF ACTION

### REVIEW PURSUANT TO
### THE ADMINISTRATIVE PROCEDURES ACT

96.

Plaintiffs incorporate, restate, and reallege all preceding paragraphs.

97.

Under the Administrative Procedures Act, 5 U.S.C. § 702, a party suffering legal wrong because of the action (or inaction) of a federal agency is entitled to judicial review of such action (or inaction).

98.

5 U.S.C. § 706 requires a reviewing court to hold unlawful and set aside agency actions, findings, and conclusions that are arbitrary, capricious, an abuse of discretion, or not in accordance with law.

99.

The Department of Transportation's actions identified herein, including its failure to recognize that the nature and scope of its "undertaking" under to the NHPA, and the nature and scope of its "project" under the DOT Act, is the planning, funding, construction and maintenance of the entire streetcar system in New Orleans, is arbitrary, capricious, an abuse of discretion, unlawful and in violation of the APA.

100.

The Department of Transportation arbitrarily, capriciously and unlawfully applied factors, guidelines and decision-making criteria in its § 106 review.  For example, the Secretary's § 106 review did not identify the Lee Monument, the Beauregard Equestrian Monument or the Jefferson Davis Monument as properties of historic value within the APE; failed to determine the "undertaking" will have an adverse effect on the monuments; failed to identify alternatives that would minimize or mitigate adverse effects on these monuments; and, divided the "undertaking" into segments before analyzing each segment separately (if at all) rather than analyzing the "undertaking" as a whole.

101.

The Department of Transportation arbitrarily, capriciously and unlawfully applied factors, guidelines and decision-making criteria in its § 4(f) review.  For example, the Secretary's § 4(f) review did not consider whether the true scope of the "project" constituted a use of § 4(f) resources; did not consider the Lee Monument, the Beauregard Equestrian Monument or the Jefferson Davis Monument to be § 4(f) resources; did not determine whether he was required to study alternatives and plans to minimize harm to historic sites, including these monuments; and approved the "project" even though there are prudent and feasible alternatives to the harm effected by the "project."

102.

The Department of Transportation's refusal to prevent removal of the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument, which have been adversely effected and harmed by the planning, funding, construction and maintenance of the streetcar system in New Orleans, is arbitrary, capricious, an abuse of discretion and not in accordance with law.

103.

The Department of Transportation's acquiescence in the removal of these monuments, without completing a comprehensive evaluation of the impact on these NRHP sites, in compliance with the requirements of the DOT Act and the NHPA, is arbitrary, capricious, an abuse of discretion and not in accordance with law.

104.

The Department of Transportation's failure to recognize that the nature and scope of the "undertaking" pursuant to NHPA, and the "project" under the DOT Act, is agency action undertaken without compliance with the procedures required by law.

105.

The plaintiffs have no plain, speedy and adequate remedy in the course of law. Absent immediate judicial intervention, plaintiffs will suffer irreparable injury.

106.

Because of the above-described violations of the Administrative Procedures Act, this Court should enter Judgment directing the Secretary of the Department of Transportation to disapprove further planning, funding, construction and maintenance of the streetcar system in New Orleans unless and until the Secretary conducts § 106 and § 4(f) reviews that recognize the planning, funding, construction and maintenance of the streetcar system in New Orleans is the "project" under the DOT Act and the "undertaking" under the NHPA, and directing the Secretary to insure all applicable requirements of the National Historic Preservation Act and the Department of Transportation Act have been followed.

## FOURTH CAUSE OF ACTION

### REQUEST FOR INJUNCTIVE RELIEF

107.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

28

108.

Plaintiffs request and are entitled to a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction enjoining and preventing the Hon. Mitchell J. Landrieu and the City of New Orleans from removing, moving, disassembling, altering, placing into storage or otherwise making any changes to the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument during the pendency of this litigation.

109.

Injunctive Relief is authorized by the Administrative Procedures Act, 5 U.S.C. § 702 and § 705. Injunctive Relief is available to plaintiffs under 42 U.S.C. § 1983.  Injunctive Relief is also permitted  under this Court's inherent authority to preserve its jurisdiction and prevent justiciable issues from being rendered moot by actions taken while the matter is under consideration.

## **FIFTH CAUSE OF ACTION**

**REMOVAL OF THE LIBERTY MONUMENT VIOLATES
AGREEMENTS MADE PURSUANT TO NHPA § 106,
VIOLATES A CONSENT DECREE AGREED TO BY THE CITY
OF NEW ORLEANS, AND DENIES PLAINTIFFS DUE PROCESS OF LAW**

110.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

111.

This cause of action is asserted against the City of New Orleans and the Hon. Mitchell J. Landrieu.

112.

Plaintiffs assert a claim against these defendants under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

113.

In September, 1992, in proceedings captioned "*Shubert v. Kemp, et al.,*" No. 91-cv-04446 on the docket of the United States District Court for the Eastern District of Louisiana, the City of New Orleans agreed to resolve litigation which sought to prevent the City from disassembling, moving or placing into storage the Liberty Monument, which previously had been located at the foot of Canal Street.

114.

Under terms of the "Stipulations and Consent Order" signed September 23, 1992 the City of New Orleans agreed it would re-erect the Liberty Monument, and subsequently did so in the 100 block of Iberville Street.

115.

At no time has the City of New Orleans sought relief from the Consent Order, filed a Motion to alter or amend the Stipulations, or otherwise sought to reopen the *Shubert* proceedings, and/or the related NHPA § 106 administrative proceedings.

116.

Any effort by the City of New Orleans to move, remove, disassemble or place into storage the Liberty Monument in contravention of the terms and conditions of the "Stipulations and Consent Order" is a contempt of this Court, a further violation of NHPA § 106, and a denial of the plaintiffs' right to due process of law.

117.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE VETERANS MEMORIAL PRESERVATION AND RECOGNITION ACT (18 U.S.C. § 1369)

118.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

119.

This cause of action is asserted against the City of New Orleans and the Hon. Mitchell J. Landrieu.

120.

The defendants' effort to move, remove, injure or destroy the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument is a violation of 18 U.S.C. § 1369.  Plaintiffs should be recognized as having a private cause of right of action to enforce this federal statute.

121.

18 U.S.C. § 1369 makes it a criminal offense to willfully injure or destroy any structure, statute or other monument on public property commemorating the service of any person in the Armed Forces of the United States.

122.

Prior to 1861 Robert E. Lee, P.G.T. Beauregard and Jefferson Davis were members of the Armed Forces of the United States.  All three served with distinction in the Mexican War.

123.

Although Lee, Beauregard and Davis later resigned their commissions in the Armed Forces of the United States, 18 U.S.C. § 1369 contains no exception of qualification to the protection it affords to structures, statutes or monuments to members of the Armed Forces of the United States.

124.

18 U.S.C. § 1369 was enacted in 2003, at a time when Congress was obviously aware there had been servicemen in the Armed Forces of the United States who later became key figures in the Confederate States government and/or military.  Failure to exclude structures, statutes or monuments to these individuals from the protection afforded by the statue should be considered deliberate.

125.

Plaintiffs are entitled to Judgement declaring defendants' attempt to move, remove, injure or destroy the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument is a criminal act, and defendants should be enjoined and prohibited from proceeding with their announced plans to violate the statute.

## SEVENTH CAUSE OF ACTION

### REMOVAL OF THE MONUMENTS
### DENIES PLAINTIFFS DUE PROCESS OF LAW BECAUSE
### THE CITY FAILED TO JUSTIFY REMOVAL UNDER § 146-611

126.

Plaintiffs hereby incorporate, restate, and reallege all preceding paragraphs.

127.

This cause of action is asserted against the City of New Orleans and the Hon. Mitchell J. Landrieu.

128.

Plaintiffs assert a cause of action against these defendants under 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution.

129.

The Fifth Amendment to the United States Constitution prohibits government from depriving a person of life, liberty or property without due process of law. It is applicable to the states through the Fourteenth Amendment.

33

130.

On December 1, 2015 the City Council of the City of New Orleans heard the "first reading" of an Ordinance given Calendar No. 31,082 which directs removal of the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument pursuant to § 146-611 of the City Code.

131.

At a public session scheduled to begin at 10:00 a.m. December 17, 2015, the City of New Orleans is expected to pass an Ordinance Calendar No. 31,082 since four Council members originally submitted the Ordinance, and only four votes are required for its passage.

132.

Under paragraph (b) of § 146-611, removal of a monument is justified only when three criteria have been met: (1) the monument honors or fosters ideologies in conflict with the requirements of equal protection, gives honor to participants in the killing of public employees, suggests the supremacy of one group over another, or gives honor or praise to wrongful actions taken against citizens of New Orleans; (2) the monument has been, or may become, the focus of civil unrest or criminal activity; and (3) the cost and expense of maintaining the monument outweighs its historical or architectural significance.

133.

The first requirement is poorly punctuated, overbroad, vague, and ambiguous.

134.

There is no evidence the second or third requirements have been satisfied.  In fact, there is persuasive evidence the second and third criteria are not present.

135.

Louisiana Landmarks Society, Monumental Task Committee, Inc. and Beauregard Camp No. 130, Inc. have a demonstrable property right or interest in the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument.

136.

Plaintiffs have a First Amendment right to free expression, free speech and free association, which they exercise by maintaining and preserving the historic character and nature of the City of New Orleans, including their monuments, and by using the monuments as the location for events commemorating individuals and events critical to the outcome of the Civil War.

137.

The City of New Orleans has not demonstrated a compelling state interest to justify its  infringement upon plaintiffs' property right or interest in the monuments, or its diminishment of plaintiffs' First Amendment right to free expression, free speech and free association.

138.

Neither has the City of New Orleans demonstrated a rational basis for removal of the monuments.

139.

Any removal of the monuments in question, when the stated criteria for removing a monument have not been satisfied, constitutes an unlawful and improper exercise of the City's police power and an abridgement of these plaintiffs' right to a fair, just and impartial application of the law.  Any removal of the monuments is therefore a violation of the plaintiffs' right to due process of law.

140.

Under provision § 146-611(e), the City Attorney for the City of New Orleans is required to notify City Council when removal of a monument is in conflict with an order entered by a federal court, following which the City Attorney must file an action seeking an order permitting removal of said monument.  The Stipulations and Consent Order entered in Civil Action 91-cv-04446, *Shubert v. Jack Kemp, et al.*, requires the City Attorney for the City of New Orleans to make such a notification.  The City Attorney has not done so.

141.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

## EIGHTH CAUSE OF ACTION

## REMOVAL OF THE MONUMENTS DENIES PLAINTIFFS EQUAL PROTECTION OF THE LAWS BECAUSE THE CITY INTENTIONALLY DISCRIMINATED AGAINST DEFENDERS OF THESE FOUR MONUMENTS

142.

Plaintiffs' hereby incorporate, restate and reallege all preceding paragraphs.

143.

Defendants in this cause of action are the Hon. Mitchell J. Landrieu and the City of New Orleans.

144.

Plaintiffs assert a claim against these defendants under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

145.

The Fourteenth Amendment requires that laws affect all similarly situated persons and interests equally.

146.

Removal of the referenced monuments by the City of New Orleans under the circumstances described herein denies plaintiffs their Constitutional right to equal protection of the laws.

147.

The City's effort to move the four monuments appears to have originated with the musician Wynton Marsalis, whose opinion has inexplicably been afforded more weight than that of the residents of New Orleans.

148.

The defendants intentionally treated plaintiffs, and persons opposed to removal of the four monuments, differently from other similarly situated individuals, and there is no justification for the difference in treatment.

149.

The actions of the City of New Orleans have a discriminatory effect and are motivated by a discriminatory purpose.  The City of New Orleans intentionally required removal of some monuments meeting the criteria of § 146-611, but not others.

150.

The criteria set forth in paragraph (b) of § 146-611 describe numerous monuments in the City of New Orleans, yet the City has not directed removal of all such monuments.  In other words, the City decided to "pick and choose" which monuments to remove and which to let rest.

151.

Examples of monuments falling within the group of monuments described by paragraph (b) of § 146-611, removal of which would be justified under the ordinance, are the

Andrew Jackson Equestrian Monument in Jackson Square and the Buffalo Soldiers Monument in Audubon Park.

152.

Citizens of New Orleans called for application of § 146-611 to the Andrew Jackson Equestrian Monument and the Buffalo Soldiers Monument, yet the City of New Orleans made no effort to evaluate those monuments under the criteria in § 146-611.  In other words, the City acted <u>favorably</u> toward persons objecting to removal of the Jackson Equestrian Monument and the Buffalo Soldiers Monument, but acted <u>contrary</u> to the views and interests of persons opposed to removal of these four monuments.

153.

The City's failure to apply § 146-611 equally is a denial of the equal protection of the laws to these plaintiffs, who have demonstrated their historic, cultural and genealogical connection to the referenced monuments, and their pecuniary interests in them.

154.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

## NINTH CAUSE OF ACTION

### REMOVAL OF THE MONUMENTS VIOLATES
### ARTICLE 12, § 4 OF THE LOUISIANA CONSTITUTION

155.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

39

156.

Defendants to this cause of action are the Hon. Mitchell J. Landrieu and the City of New Orleans.

157.

Any order from the City of New Orleans requiring that the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument be removed is a violation of Article 12, § 4 of the Louisiana Constitution.

158.

New Orleans has a Home Rule Charter.  An ordinance enacted by a city with a Home Rule Charter is presumed valid except when it is in contravention of the Constitution of the State of Louisiana, laws permitted to be enacted by the Constitution, or the Home Rule Charter itself.

159.

Section 146-611 is in direct and irreconcilable conflict with Article 12, § 4 of the Constitution of the State of Louisiana, which reads as follows:

> The right of the people to preserve, foster, and promote their respective historic linguistic and cultural origins is recognized.

160.

The Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument were explicitly erected to preserve, foster and promote the historic and cultural origins of the citizens of New Orleans and the residents of Louisiana.

40

The monuments recognize the contributions of Lee, Beauregard and Davis during a period in which citizens of eleven southern states, including Louisiana, sought to establish a country separate from the United States of America.  The Liberty Monument recognizes conflicts that emerged in New Orleans and elsewhere during the post-Civil War period.

161.

Regardless whether the Civil War era is regarded as a catastrophic mistake or a noble endeavor, it is undeniably a formative event in the history of Louisiana, and it is the source of much of the cultural heritage this city and state, including countless novels, short stories, plays, monuments, statues, films, stories, songs, legends and other expressions of cultural identity.

162.

The defendants' effort to remove the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument is a violation of the rights guaranteed by Article 12, § 4 of the Louisiana Constitution.

163.

Citizens and taxpayers have standing to challenge improper, illegal and/or imprudent actions by the City that result in expenditure of public funds.  *Ralph v. City of New Orleans*, 928 S.2d 537 (La. 2006).

41

## <u>TENTH CAUSE OF ACTION</u>

**REMOVAL OF THE MONUMENTS DENIES PLAINTIFFS
DUE PROCESS OF LAW BECAUSE NEW ORLEANS
DOES NOT HAVE CLEAR TITLE TO THE LAND ON WHICH THE LEE,
BEAUREGARD AND DAVIS MONUMENTS ARE ERECTED**

164.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

165.

Defendants to this cause of action are the Hon. Mitchell J. Landrieu and the City of New Orleans.

166.

The Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument were erected at a time when municipalities did not regularly retain title (or full ownership) to land on which monuments built with private donations were erected.

167.

In approximately 1877 the City of New Orleans conveyed, donated or otherwise transferred the land on which the Lee Monument is now erected to the Lee Monumental Association for purposes of erecting the Lee Monument.

168.

In approximately 1896 the City of New Orleans conveyed, donated or otherwise transferred the land on which the Beauregard Equestrian Monument is now erected to the New Orleans City Park Improvement Association.  In approximately 1908 the New Orleans

City Park Improvement Association donated the land on which the monument now rests to the Beauregard Monument Association.

169.

In 1911 the City of New Orleans conveyed, donated or otherwise transferred the land on which the Jefferson Davis Monument is erected to the Jefferson Davis Monument Association.

170.

On information and belief, Wisner Boulevard was a state highway at the time the Beauregard Equestrian Monument was dedicated.  Even if that roadway later became a city street, the City of New Orleans did not acquire ownership of any part or portion of the Beauregard Equestrian Monument, and the City lacks authority to order removal of that monument.

171.

Because the City of New Orleans does not have clear title to (or full ownership of) the land on which the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument are erected, the City lacks authority to order removal of these monuments. In the alternative, the City lacks authority to order removal of the monuments without full and just compensation or restitution to the proper parties.

172.

Removal of the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument under the circumstances described herein denies plaintiffs due process of law.

173.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

## ELEVENTH CAUSE OF ACTION

### REMOVAL OF THE MONUMENTS DENIES PLAINTIFFS DUE PROCESS OF LAW

### THE STATE OF LOUISIANA AND CAMP No. 130 OWN AN UNDIVIDED INTEREST IN THE BEAUREGARD AND DAVIS MONUMENTS

174.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

175.

Made defendants to this cause of action are the Hon. Mitchell J. Landrieu and the City of New Orleans.

176.

Private funds were raised by Beauregard Camp No. 130 for erection of the Beauregard Equestrian Monument and the Jefferson Davis Monument.  In 1910 public funds were contributed to both projects by the State of Louisiana.

44

177.

Because Beauregard Camp No. 130 and the State of Louisiana paid a portion of the cost to design, sculpt and install the Beauregard Equestrian Monument and the Jefferson Davis Monument, both Beauregard Camp and the State have an undivided ownership interest in those monuments.

178.

Because the City of New Orleans is not the full owner of the Beauregard Equestrian Monument or the Jefferson Davis Monument, and does not have clear title to the property on which either monument is erected, the City lacks authority to require removal of either monument.  In the alternative, the City lacks authority to require removal of either monument without full and just compensation to the proper parties.

179.

Removal of either the Beauregard Equestrian Monument or the Jefferson Davis Monument under the circumstances described herein denies plaintiffs due process of law.

180.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

## TWELFTH CAUSE OF ACTION

**REMOVING THE MONUMENTS DENIES PLAINTIFFS
DUE PROCESS OF LAW
BECAUSE THE MAYOR'S PLAN VIOLATES
THE CITY'S OWN POLICY REGARDING DONATIONS**

181.

Plaintiffs incorporate, restate and reallege all preceding paragraphs.

182.

Made defendants to this cause of action are the Hon. Mitchell J. Landrieu and the City of New Orleans.

183.

Mayor Mitchell J. Landrieu publically announced that removal of the four monuments will be paid for by an anonymous donor.  The initial cost of removal, and therefore the amount of the donation, was said to be $126,000.  As of September 22 the estimated cost has risen to $144,000.

184.

In correspondence dated September 22, an Assistant City Attorney stated the anonymous donation is not in writing.

185.

On February 22, 2013 Andrew Kopplin, First Deputy Mayor and Chief Administrative Officer for the City of New Orleans, announced a detailed and comprehensive policy regarding the City's acceptance of donations.

186.

Under this policy, although small donations of cash may be made manually (by hand), large donations of money, and donations that are made subject to a condition, should be in writing:

> ...it is the policy of the City that Acts of Donation shall be used for large donations, and for donations which include conditions or give rise to legal obligations.
>
> ***
>
> Acceptance of a donation shall be a part of the Act of Donation ... and shall be effective upon its execution.  Upon such execution the user department shall execute and deliver a letter to the donor acknowledging the donation.

187.

The Mayor's effort to fund removal of the monuments through the promise of an anonymous, unwritten donation is a violation of plaintiffs' right to due process of law.  The plan circumvents the traditional budget process and is therefore without check or balance; the plan violates the City's own policy regarding accepting donations; the proposal hides from public scrutiny the actual cost of removing the monuments, thus making is impossible to determine whether the requirement of City Code § 146-611(b)(3) has been met; and the plan is rife with the possibility of influence pedaling (if not worse) because it precludes any possibility the public will know whether the individual who made the donation receives anything of value from the City.

188.

Plaintiffs are entitled to an award of attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, PLAINTIFFS PRAY a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction issue herein, enjoining and preventing the Hon. Mitchell J. Landrieu and the City of New Orleans from removing, moving, disassembling, altering, placing into storage or otherwise making any changes to the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument or the Liberty Monument during the pendency of this litigation.

PLAINTIFFS FURTHER PRAY the defendants be served with a Certified Copy of this Complaint and be cited to appear and answer same, and that after all legal delays and due proceedings had, there be Judgment rendered herein in favor of plaintiffs, and against the defendants, finding the defendants failed to comply with the provisions of the Department of Transportation Act and the National Historic Preservation Act, and barring defendants from further planning, funding, construction or maintenance of the streetcar network in New Orleans until an adequate § 4(f) review and § 106 review have been completed.

PLAINTIFFS FURTHER PRAY there be Judgment rendered herein in favor of plaintiffs, and against the defendants, finding the defendants' effort to remove the monuments is a violation of 13 U.S.C. § 1369, the Veterans Memorial Preservation and

Recognition Act, and enjoining and prohibiting defendants from removing the Lee Monument, the Beauregard Equestrian Monument and the Jefferson Davis Monument.

PLAINTIFFS FURTHER PRAY there be Judgment rendered herein in favor of plaintiffs, and against the defendants, finding the City of New Orleans' effort to remove the Lee Monument, the Beauregard Equestrian Monument, the Jefferson Davis Monument and the Liberty Monument is a violation of the plaintiffs' right to due process of law and to equal protection of the laws.

PLAINTIFFS FURTHER PRAY there be Judgment rendered herein in favor of plaintiffs, and against the defendants, finding that the effort by the City of New Orleans to remove the Liberty Monument is a violation of the terms of the "Stipulations and Consent Order" previously agreed to by the City, and prohibiting the City of New Orleans from removing, moving, disassembling, altering, placing into storage or otherwise making any changes to the Liberty Monument.

PLAINTIFFS FURTHER PRAY there be Judgment rendered herein in favor of plaintiffs, and against the defendants, finding that the effort to remove the four monuments is a violation of Article 12, § 4 of the Louisiana Constitution.

PLAINTIFFS FURTHER PRAY they be found to be prevailing parties in their claims asserted under 42 U.S.C. § 1983, and that they be awarded attorney's fees and expert fees pursuant to 42 U.S.C. § 1988.

PLAINTIFFS FURTHER PRAY they be found to be prevailing parties as that phrase is used in the Department of Transportation Act and/or the National Historic Preservation Act and/or the Administrative Procedures Act, and that defendants be ordered to pay the plaintiffs' reasonable attorney's fees and costs in this litigation, and that plaintiffs be granted all other relief, whether equitable or otherwise, to which they are entitled, with legal interest thereon as provided by law.

Respectfully submitted,

McALPINE & COZAD

/s/ Franklin H. Jones, III
FRANKLIN H. JONES, III (LSB #7480)
365 Canal Street, Suite 2730
New Orleans, Louisiana 70130
Tel. 504-561-5157 / Fax 504-528-9442
Attorneys for Louisiana Landmarks Society, Monumental Task Committee, Inc., Beauregard Camp No. 130, Inc. and Foundation for Historical Louisiana

DUNLAP FIORE, LLC

/s/ John B. Dunlap, III
JOHN B. DUNLAP, III (#19431)
One American Place
301 Main Street, Ste. 1100
Baton Rouge, Louisiana 70801
Tel. 225-282-0660 / Fax 225-282-0680
Attorneys for Louisiana Landmarks Society and Monumental Task Committee, Inc.

LOGAN LAW OFFICES, LLC

 /s/ James R. Logan, IV
JAMES R. LOGAN, IV (#01095)
One American Place
1010 Common St., Ste. 2910
New Orleans, Louisiana 70112
Tel. 504-522-5900 / Fax 504-522-5998
Attorneys for Louisiana Landmarks Society

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed with the Clerk of Court on this ***** and is available for viewing and downloading from the CM/ECF system. Notice of Electronic Case Filing has been sent automatically to all counsel on the e-mail service list.  Any counsel not included on the email service list received a copy via United States Mail.

/s/ Franklin H. Jones, III
FRANKLIN H. JONES, III

#127090

51