UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONUMENTAL TASK                             CIVIL ACTION
COMMITTEE, INC ET AL.

VERSUS                                      NO: 15-6905

ANTHONY R. FOXX ET AL.                      SECTION: "J"(3)

### ORDER & REASONS

Before the Court is a *Motion for Injunction and/or Stay Pending Appeal* **(Rec. Doc. 57)** filed by Plaintiffs, Monumental Task Committee, Inc., Louisiana Landmarks Society, Foundation for Historical Louisiana, Inc., and Beauregard Camp No. 130, Inc. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

On January 26, 2016, this Court entered an Order and Reasons denying Plaintiffs' Motion for a Preliminary Injunction to enjoin the City of New Orleans from relocating three monuments honoring Confederate leaders and a fourth commemorating an 1874 battle between the White League and the City's first integrated police force. (Rec. Doc. 49.) Plaintiffs advised the Court that they would appeal that interlocutory order to the United States Court of

Appeals for the Fifth Circuit. On February 3, 2016, Plaintiffs filed the instant *Motion for Injunction and/or Stay Pending Appeal* **(Rec. Doc. 57)**, moving this Court to grant an injunction while the appeal is pending.

Motions to stay proceedings pending an interlocutory appeal under 28 U.S.C. § 1292(a)(1) are made pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Although the decision to grant relief under Rule 62(c) is within the district court's discretion, "the stay of an equitable order is an extraordinary device which should be granted sparingly." *United States v. Louisiana*, 815 F. Supp. 947, 948 (E.D. La. 1993).

The factors to be considered in deciding whether to stay an order pending appeal are "virtually the same" as the factors used by a court in deciding whether to issue a preliminary injunction. *Voting for Am., Inc. v. Andrade*, 488 F. App'x 890, 893 (5th Cir. 2012). The factors for granting a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

2

stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The movant bears the burden of showing that the balance of equities weighs heavily in favor of granting the stay. *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983).

The four-part inquiry for determining whether the granting of a stay is appropriate was previously applied by this Court when determining whether to grant Plaintiffs' original Motion for a Preliminary Injunction.[1] This Court determined that Plaintiffs failed to establish a likelihood of irreparable harm if the preliminary injunction is not granted. (Rec. Doc. 49, at 6-12.) In the instant motion, Plaintiffs make much of the fact that a particular crane and rigging company mentioned in the City's previous submissions has stated that it has not been retained and is not involved in the project to remove the monuments. However, the burden is on Plaintiffs to establish a likelihood of irreparable harm—the City is not required to show that irreparable harm is unlikely.

---

[1] In denying a preliminary injunction, the Court considered whether Plaintiffs established "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that their substantial injury outweighs the threatened harm to the party whom they seek to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest." (Rec. Doc. 49, at 5.)

Additionally, this Court stated that at this preliminary stage, Plaintiffs failed to show a likelihood of success on the merits of any of their claims. *Id.* at 12-60. Finally, this Court observed that Plaintiffs did not show that their threatened injury outweighs the potential injury that the preliminary injunction may cause the opposing parties, or that a preliminary injunction would serve the public interest. *Id.* at 60-61.

Applying the four *Hilton* factors, Plaintiffs have not satisfied the criteria warranting an injunction pending the interlocutory appeal of the denial of the preliminary injunction. *See Hilton*, 481 U.S. at 776. As this Court has previously ruled, Plaintiffs have not made a strong showing that they are likely to succeed on the merits, that they will be irreparably harmed absent an injunction, that granting the injunction will not substantially harm the other parties interested in the proceeding, or that granting the injunction will serve the public interest. (Rec. Doc. 49, at 6-61.) Accordingly, Plaintiffs have not shown that the "balance of equities" weighs heavily in favor of granting an injunction. *Baylor*, 711 F.2d at 39. Indeed, it would be inconsistent for this Court to deny Plaintiffs' motion for a preliminary injunction, yet grant an injunction pending appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Injunction and/or Stay Pending Appeal* **(Rec. Doc. 57)** is **DENIED**.

New Orleans, Louisiana, this 4th day of February, 2016.

                                                                      _____
                                                                      CARL J. BARBIER
                                                                       UNITED STATES DISTRICT JUDGE