UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MONUMENTAL TASK COMMITTEE, INC., ET AL. | * | CASE #15-6905 c/w #16-12495 (applies to #15-6905) |
| | * | |
| vs. | | SECT. J(3) |
| | * | |
| ANTHONY R. FOXX, ET AL. | | JUDGE BARBIER |
| | * | |
| | | MAG. KNOWLES |
| | * | |

**FEDERAL DEFENDANTS-IN-COUNTERCLAIM'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PARTIES**

**I.     Introduction and summary of the argument**

**MAY IT PLEASE THE COURT:** The City of New Orleans filed a counterclaim against plaintiffs seeking a declaratory judgment from the Court that the intended removal of the Battle of Liberty Place Monument (Liberty Monument) does not violate the terms of a Memorandum of Agreement and Consent Order entered in *Shubert v. Kemp, et al.*, #91-4446 (E.D. La.), Sect. D. The federal defendants-in-counterclaim—the official-capacity heads of the United States Department of Housing and Urban Development (HUD) and Advisory Council on Historic Preservation (ACHP)—were defendants in *Shubert* and joined by the City in its counterclaim as alleged required parties under Fed. R. Civ. P. 13(h) and 19(a). HUD and the ACHP, however, presently disclaim any interest in the subject matter of the City's counterclaim and are, thus, not required parties under Rule 19(a). For this reason, as further explained below, the Court should grant this motion and dismiss HUD and the ACHP from any further litigation pertaining to the Liberty Monument.

## II.     Facts and procedural background

### 1.     *Shubert v. Kemp, et al*.

The original dispute over the temporary removal and re-erection of the Liberty Monument began in February 1989, when the City accepted an Urban Development Action Grant from HUD to re-pave Canal Street. Rec. Doc. 20-28. HUD had delegated to the City compliance with Sect. 106 of the National Historic Preservation Act (NHPA) as a pre-condition for acceptance of the federal grant. *Id*. The City consulted with the State of Louisiana Historic Preservation Officer (SHPO) and initially determined that the re-paving undertaking would have no adverse effect on historic property (i.e., the Liberty Monument) based on the City's intent to temporarily remove, then re-erect, the monument once the re-paving was completed. *Id*. The ACHP concurred. *Id*.

In December 1991, Francis Shubert filed suit against the then-mayor of the City of New Orleans, and official-capacity employees of HUD, the ACHP, and the Louisiana Department of Culture, Recreation, and Tourism. Rec. Doc. 20-26 (complaint in *Shubert v. Kemp, et al.*, #91-4446 (E.D. La.), Sect. D). Shubert alleged that the City's failure to timely re-erect the Liberty Monument after its temporary removal for street re-paving violated the NHPA. *Id*.

After Shubert filed his suit, the Louisiana Landmarks Society intervened and both HUD and the ACHP filed a crossclaim against the City, all alleging the City's violation of the NHPA. *See* Ex.1 (complaint in intervention) & Ex. 2 (crossclaim). In the course of the litigation, the parties re-opened the Sect. 106 process to then determine that an adverse effect on the Liberty Monument had, in fact, occurred. Rec. Doc. 20-28. The re-opened Sect. 106 process resulted in a Memorandum of Agreement governing the re-erection of the Liberty Monument "at a site

historically appropriate to the 1874 Battle of Liberty Place and in a manner that continues to serve its memorial function and keeps it accessible to the public…." *Id.*[1]

In September 1992, the *Shubert* parties agreed upon joint stipulations and a proposed consent order to resolve the merits of the litigation. Rec. Doc. 20-27. The Court accepted the parties' stipulations and entered a Consent Order requiring, *inter alia*, that "no later than January 20, 1993, the City shall complete the actual re-erection of the Liberty Monument…." *Id.* The Court awarded attorney's fees to plaintiff and intervenor as prevailing parties and dismissed the action as moot in April 1993 "[i]n light of the re-erection of the Battle of Liberty Place Monument." Rec. Doc. 20-29.

### 2. City's December 2015 ordinance

On December 1, 2015, the New Orleans City Council passed Ordinance 026750, declaring the Liberty Monument and three other historic monuments to be nuisances under Section 146-111 of the Code of the City of New Orleans. Rec. Doc. 20-3. The ordinance requires removal of the four monuments from outdoor public display. *Id*.

Section 146-111(e) of the City Code provides:

> Whenever in the opinion of the city attorney removal of a thing is required by an ordinance of the council but such removal would apparently violate or conflict with the provisions of…a judgment or order entered by a federal or state court, the city attorney shall notify the city council and file an appropriate action or proceeding in an agency or court of competent jurisdiction seeking a decision, declaration or order compelling or permitting such removal. The obligation of removal imposed by the ordinance shall be suspended until a favorable definitive judgment is obtained.

Rec. Doc. 9-31.

---

[1] The Memorandum of Agreement appearing in the *Shubert* record contains signatures only from the City and the SHPO. Rec. Doc. 20-28. Nonetheless, for the reasons explained in corresponding text, it appears clear from the record that both HUD/ACHP and the Louisiana Landmarks Society also agreed, in principle, to the terms of the Memorandum of Agreement, despite the lack of signatures.

### 3. Procedural history of the captioned case

After the passage of Ordinance 026750, plaintiffs, Monumental Task Committee, Inc., Louisiana Landmarks Society, Foundation for Historical Louisiana, Inc., and Beauregard Camp No. 130, Inc., immediately filed the present action against the City, the Regional Transit Authority (RTA), the federal Department of Transportation, the Federal Transit Administration, and their official-capacity heads. Rec. Doc. 1. Plaintiffs sought to enjoin the City from removing the four monuments. Rec. Doc. 11. After briefing and oral argument, the Court issued a detailed Order and Reasons denying plaintiffs' motion for a preliminary injunction. Rec. Doc. 49 (available at *Monumental Task Comm., Inc., et al. v. Foxx, et al.*, 157 F. Supp. 3d 573 (E.D. La. 2016)).

> The Court directly addressed the Liberty Monument and *Shubert* litigation, noting:
>
> The City states that it understands *Shubert v. Kemp* may have imposed legal restrictions concerning removal of the Liberty Monument, and it intends to seek court approval to allow the ordinance to be enforced. (Rec. Doc. 35-1, at 32-33.) The City was not able to continue under section 146-611(e) because Plaintiffs filed the instant lawsuit within hours of the City Council's vote. Nevertheless, the City intends to move forward with removal of the Liberty Monument pursuant to the process set forth in section 146-611(e). Therefore, regardless of the Court's decision with respect to the Lee Monument, Beauregard Monument, and Davis Monument, the City cannot remove or relocate the Liberty Monument without obtaining relief from the order and final judgment in *Shubert*.

Rec. Doc. 49 at pp. 57-58.[2] About two months later, the City formally answered plaintiffs' complaint and also asserted a counterclaim for declaratory relief on the terms of the *Shubert* Consent Order governing the Liberty Monument. Rec. Doc. 82 at pp. 25-37. The City joined HUD and the ACHP as required defendants to the counterclaim under Fed. R. Civ. P. 13(h) and 19(a)(1). *Id*. The City argued that it "has fully discharged any and all obligations under the

---

[2] The Court denied HUD and the ACHP's motion to sever the Liberty Monument claims and counterclaim and transfer them under LR 3.1.1 to the section of Court assigned to *Shubert*. Rec. Doc. 104.

Consent Order"[3] and that "neither NHPA nor the Consent Decree prohibit removal of the Liberty Place Monument." *Id*. at p. 37, ¶ 58. As relief, the City sought "a declaration that it fully complied with the terms of the Consent Order by restoring the Liberty Place Monument at the end of the Canal Street Project and…that the removal of the Liberty Place Monument does not violate the terms of the Consent Order issued in *Shubert*." *Id*. at ¶ 60. Plaintiffs answered the City's counterclaim. Rec. Doc. 91.

Both HUD and the ACHP have reviewed and now respond to the claims and counterclaim related to the Liberty Monument in light of the *Shubert* Memorandum of Agreement and Consent Order. Exs. 3 & 4.  HUD states that it "has no legal or programmatic interest in th[e] matter." Ex. 3. The ACHP concurs that it "has no further legal or programmatic interest in th[e] matter…." Ex. 4. The ACHP further opined that the City's intent to remove the Liberty Monument using local or private funds does not violate the terms of the *Shubert* Memorandum of Agreement or Consent Order. *Id*.

## III.   Argument

### 1.   Standard of review

"On motion or on its own, the court may at any time, on just terms,…drop a party." Fed. R. Civ. P. 21. The district court has broad discretion under Rule 21. *Jackson v. N.A.A.C.P.*, 575 F. App'x 256, 260 (5th Cir. 2014).  The Court may issue orders to drop parties under Rule 21 "even in the absence of misjoinder or nonjoinder of parties, to structure a case for the efficient administration of justice." James Wm. Moore, 4 *Moore's Federal Practice* § 21.02[1] (3d Ed. LexisNexis); *see also United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (While "misjoinder is certainly a primary concern of Rule 21, it is not so limited."); Wright & Miller, 7

---

[3]   Rec. Doc. 82 at p. 34, ¶ 43.

*Fed. Prac. & Proc. Civ.* § 1682 (West 3d Ed.) ("The application of Rule 21 has not been limited to cases in which parties were…technically misjoined….").

### 2. HUD and the ACHP are not required parties under Rule 19(a) to the Liberty Monument claims and counterclaim.

Rule 19(a) governs the joinder of "persons required to be joined." Joinder of a person is required if: "in that person's absence, the court cannot accord complete relief among existing parties;" or "that person claims an interest" in the subject of the action such that "disposing of the action in the person's absence may…impair or impede the person's ability to protect the interest" or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A), & (B)(i)-(ii). Rule 13(h) contemplates joinder of required and permissive parties to a counterclaim. *See Polo Club Office Park v. Vickers*, 98 F.3d 1337, at *2 (5th Cir. 1996). "By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases...." 7 *Fed. Prac. & Proc. Civ.* § 1604.

HUD and the ACHP note that they are not arguing their misjoinder under Fed. R. Civ. P. 19(a) and 13(h) in the first instance. Indeed, the undersigned specifically requested in earlier motion practice that these *Shubert* federal defendants receive notice and an opportunity to be heard on any issues surrounding the Sect. 106 Memorandum of Agreement in *Shubert* or the Consent Order entered therein. Rec. Doc. 27 at pp. 15-16. The City's counterclaim and joinder were means to provide HUD and the ACHP that platform to be heard. HUD and the ACHP have now reviewed and responded in writing to the City's counterclaim; these responses now compel the conclusion that HUD and the ACHP are not required parties to the Liberty Monument claims and counterclaim under Rule 19(a). The Court should, therefore, drop them as as parties under Rule 21. *Cf.*, *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008) ("Required persons

may turn out not to be required for the action to proceed after all."); *Luken v. Lynaugh*, 98 F.3d 1339, at *5 (5th Cir. 1996) ("In deciding joinder motions, courts emphasize pragmatic considerations rather than rigid formalism: the maximum effective relief with the minimum expenditure of judicial energy.") (*quoting Gentry v. Smith,* 487 F.2d 571, 579-80 (5th Cir. 1973)).

In determining the propriety of joinder under Rule 19(a), the Court first examines whether "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "'Complete relief' as set forth under Rule 19(a)(1)(A) concerns whether a court can afford relief among the parties already present in the litigation. A court does not consider the effect that a judgment may have on absent parties when evaluating 'complete relief.'" *VFS US LLC v. Vaczilla Trucking, LLC*, 2015 WL 7281619, at *14 (E.D. La. Nov. 16, 2015); *Evans v. Taco Bell Corp.*, 1992 WL 40845, at *1 (E.D. La. Feb. 20, 1992) (same). In this case, the Court can accord complete relief both to plaintiffs and the City in the absence of HUD and the ACHP as parties. The Liberty Monument is not federal property, nor will the City expend federal funds for the proposed removal of the Liberty Monument. Put simply, the Court may enjoin or allow the removal of the Liberty Monument—i.e., grant complete relief to the plaintiffs or City—without requiring or prohibiting any action from HUD and the ACHP. *See* 4 *Moore's Federal Practice* § 19.03[2][d] ("Joinder should not be compelled when meaningful relief can be granted without the absentee.").

Next, the Court examines whether HUD and the ACHP claim an interest in the subject of this action that could be impaired or impeded if litigation occurred in their absence, or could leave an existing party at risk of double, multiple, or inconsistent obligations in the agencies' absence. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). The threshold inquiry, however, is whether the

agencies claim any interest in this action. *See also* 4 *Moore's Federal Practice* § 19.03[1] ("[A party] can be found necessary under the second or third test only if [the party] claims an interest in the subject matter of the pending case….").

As stated in the attached correspondence, HUD and the ACHP do not assert an interest in enjoining the City from removing the Liberty Monument. *See* Ex. 3 at p. 2 ("Under these circumstances, we [ACHP] believe that neither Section 106 nor the Shubert consent order prohibit the City from proceeding with the disposition of the Liberty Monument according to its December 2015 decision."); Ex. 4 at p. 1 ("HUD has no legal or programmatic interest in the pending litigation."). Nor do HUD and the ACHP assert an interest in support of the City's removal of the Liberty Monument as a public nuisance. Exs. 3 & 4. Indeed, the City made its removal determination at the local level, under a local ordinance, without federal input or oversight from either agency. In the absence of any interest from HUD and the ACHP under Rule 19(a)(1)(B), there is no risk of harm to the agencies under Rule 19(a)(1)(B)(i), or to the existing parties under Rule 19(a)(1)(B)(ii), when the Court fashions complete relief on the merits of the Liberty Monument claims and counterclaim absent any further input from these federal agencies.

## IV. Conclusion

For these reasons, the Court should grant HUD and the ACHP's motion and enter an order dropping and dismissing them as required parties to the Liberty Monument claims and counterclaim.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*
PETER M. MANSFIELD (#28671)
JASON M. BIGELOW (#29761)
K. PAIGE O'HALE (#35943)
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana  70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Peter.Mansfield@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first-class United States mail, postage prepaid on this 26th day of August, 2016.

*s/Peter M. Mansfield*