**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC 20410-7000

OFFICE OF COMMUNITY PLANNING
AND DEVELOPMENT

MAY 24 2016

Peter M. Mansfield
Civil Division Chief
United States Attorney's Office
Eastern District of Louisiana
650 Poydras St., Suite 1600
New Orleans, LA 70130

Re:   *Monumental Task Committee, Inc., et. al v. Foxx, et. al.*, No: 2:15-cv-06905 (E.D. La.); and *Francis J. Shubert v. Jack Kemp et al.*, No: 2:91-cv-4446 (E.D. La.)

Dear Mr. Mansfield:

This letter is in response to your request that the U.S. Department of Housing and Urban Development (HUD) state its position with respect to the above-referenced litigation. Having reviewed the pleadings in *Monumental Task Committee, Inc., et al. v. Foxx, et al.*, No: 2:15-cv-06905 (E.D. La) (*Monument*), the Consent Order from *Francis J. Shubert v. Jack Kemp, et al.*, No: 2:91-cv-4446 (E.D. La.) (*Shubert*), and the relevant statutory and regulatory authorities, HUD concludes that it has no legal or programmatic interest in this matter.

The brief facts follow. In 1981 HUD awarded a $6 million Urban Development Action Grant (UDAG) to the City of New Orleans (City). In 1989 the UDAG agreement was amended to include a little over $162,000 for certain street improvements. Since these street improvements would impact the Liberty Place Monument (Monument), the City was required, pursuant to statutory assumption authority and HUD regulations discussed below, to conduct a Federal environmental review. The street improvements project funded by UDAG was closed out in 1991. Subsequently, Francis J. Shubert filed the Shubert lawsuit to compel the City to abide by the terms and conditions of the environmental review. The City complied and the *Shubert* litigation was dismissed as moot in 1993.

In the current litigation, *Monumental* plaintiffs challenge the City's decision to remove the Monument. In its Answer, the City seeks to join HUD as a required party to the *Monumental* litigation.

HUD has no legal or programmatic interest in the pending litigation. The UDAG funds relating to this project were fully expended over 25 years ago. No HUD funds are implicated in the City's current plan to remove the Monument now pursuant to a new local ordinance. Since the completion of the street project in 1991, no new UDAG or other HUD funds have been provided to the City with respect to this project. In fact, Congress ceased funding the UDAG program in fiscal year 1989.

      Moreover, HUD's UDAG program had statutory assumption authority that placed all responsibility for compliance with the National Environmental Policy Act and Section 106 of the National Historic Preservation Act on the recipients of UDAG assistance, in this case the City. *See* 42 U.S.C. § 5304(g), § 5318(c)(4), and § 5320; 54 U.S.C. § 300101 *et seq.*; 24 C.F.R. §58.4 – 58.5 (1989). Therefore, HUD did not conduct the Section 106 historic preservation review process for the Monument at the time it occurred.

      Given HUD's lack of any legal or programmatic interest in this matter, no party could be prejudiced by its absence from this litigation. Nor would HUD's absence impair or impede any party's ability to protect its own interest.

      Please take whatever action you deem to be appropriate to represent HUD's position as reflected in this letter.

      Sincerely,

      Marion Mollegen McFadden
      Deputy Assistant Secretary Grant Programs

cc:    Javier Marques, Esq.
      Advisory Council on Historic Preservation
      401 F Street, N.W., Suite 308
      Washington, D.C. 20001-2637