

*Preserving America's Heritage*

June 3, 2016

Peter M. Mansfield
U.S. Attorney's Office (New Orleans)
650 Poydras St.
Suite 1600
New Orleans, LA 70130
(504) 680-3047

Re:     Monumental Task Committee, Inc., et al v. Foxx, et al, No: 2:15-cv-6905 (E.D. La.)
        ("Monumental"); and Shubert v. Kemp, et al, No: 2:91-cv-4446 (E.D. La.) ("Shubert")

Dear Mr. Mansfield:

The City of New Orleans ("City") has filed to join the Advisory Council on Historic Preservation ("ACHP")
in the Monumental litigation pursuant to Rule 19 of the Federal Rules of Civil Procedure. Since, for the
reasons stated below, the ACHP has no further legal or programmatic interest in this matter, we ask that
your office oppose such a joinder. We also ask that your office represent the position of our agency in
this litigation as reflected below.

In the Monumental litigation, plaintiffs are challenging, in part, the City's December 2015 decision to
remove the Liberty Monument. In its Answer, the City has sought to join the ACHP as a required party to
the Monumental litigation.

As you know, our agency's involvement regarding Liberty Monument relates to the review of a project
under Section 106 of the National Historic Preservation Act, 54 U.S.C. § 306108 ("Section 106") and the
Shubert litigation. That project involved street improvements in New Orleans using funds under the U.S.
Department of Housing and Urban Development's ("HUD") Urban Development Action Grant ("UDAG")
program. The project was completed, and all UDAG funds for it expended, back in 1991.

Litigation filed by Francis J. Shubert in December 1991 resulted in a consent order on September 22,
1992 that stipulated, among other things, that the City would "no later than January 20, 1993, [...]
complete the actual re-erection of the Liberty Monument." The order does not set a requirement about
keeping the Liberty Monument at its relocated place.

Soon after the Shubert consent order, the City of New Orleans (acting for HUD) entered into a Section
106 Memorandum of Agreement (Monument MOA) with the Louisiana State Historic Preservation
Officer where, among other things, the City committed itself to "ensure that the Liberty Monument will
continue to serve its memorial function and be accessible to the public." The Monument MOA does not

ADVISORY COUNCIL ON HISTORIC PRESERVATION

401 F Street NW, Suite 308 • Washington, DC 20001
Phone: 202-517-0200 • Fax: 202-517-6381 • achp@achp.gov • www.achp.gov

Exhibit 4

include an explicit or implicit timeframe regarding this requirement. .

We have reviewed our agency's administrative record regarding the project and have found nothing indicating that the intent of either the consent order or the Monument MOA was to bind the City to maintain Liberty Monument at its relocated site forever. Unlike current Section 106 agreements, which are now required by regulation to have a duration clause, 36 C.F.R. § 800.6(c)(5), the Monument MOA did not include such a duration clause. We do not interpret the mentioned language in the Monument MOA as binding the City to a commitment in perpetuity in the absence of explicit language to the contrary.

Considering the absence of such a duration clause or any indication as to time frames in the Monument MOA, the lack of a consent order mandate to maintain Liberty Monument at its relocated site, the lack of federal decision making, permitting, or funding relating to the City's December 2015 proposal to remove the Liberty Monument from its present location, and the City's maintenance of Liberty Monument at its present location for over 23 years, the ACHP takes the position that the City has met the terms of the Shubert consent order and its Section 106 responsibilities under the Monument MOA. Under these circumstances, we believe that neither Section 106 nor the Shubert consent order prohibit the City from proceeding with the disposition of the Liberty Monument according to its December 2015 decision.

The ACHP no longer has a legal or programmatic interest in this matter. No party could be prejudiced by its absence from this litigation. The ACHP's absence would not impair or impede any party's ability to protect its own interest. Please take all appropriate steps to represent the ACHP's position, as reflected in this letter, in the Monumental and Shubert litigation.

Sincerely,

Javier Marqués
Associate General Counsel


cc.     Marion Mollegen McFadden (HUD)
        Chung-Yiu Lee (HUD)

2