UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONUMENTAL TASK                     CIVIL ACTION
COMMITTEE, INC., ET AL.

                                    NO: 15-6905
                                    *Consolidated with*
VERSUS                              16-12495

ANTHONY N. FOXX, ET AL.             SECTION: "J"(3)

## ORDER & REASONS

Before the Court is a *Rule 12(b)(6) Motion to Dismiss* filed by Defendants, Jason R. Williams and Mayor Mitchell J. Landrieu (Mayor Landrieu) **(R. Doc. 112)**, an opposition thereto filed by Plaintiff, Richard A. Marksbury **(R. Doc. 117)**, a reply thereto filed by Defendants (**R. Doc. 124**), and a sur-reply **(R. Doc. 127)** filed by Plaintiff. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

The Court will provide only a brief summary of the facts surrounding this litigation. This case is related to the New Orleans City Council's (City Council) decision to remove three monuments honoring Confederate leaders and a fourth commemorating an 1874 battle between the White League and the City of New Orleans' first integrated police force. On June 26, 2015, Mayor Landrieu called upon the City Council to initiate the process to

remove these four public monuments. On July 9, 2015, following the remarks from Mayor Landrieu in support of the monuments' removal, the City Council adopted a resolution soliciting recommendations from various City agencies regarding whether the monuments should be deemed a nuisance and removed from public property. On December 1, 2015, the City Council introduced an ordinance providing for the removal of the monuments. On December 17, 2015, the City Council affirmatively voted to remove the monuments, and the ordinance was signed into law.

On August 21, 2015, Plaintiff, submitted a letter to the City Council asking to appear before the City Council to propose that the iconic Andrew Jackson statue in Jackson Square violated Section 146-611(b) of the New Orleans City Code.[1] Section 146-611(b) provides:

> On its own motion or upon presentation of a request of an elector of the city, the council may conduct a hearing to determine whether or not any monument, statue, or similar thing honoring or commemorating any person or event that is located on property owned or controlled by the city should be removed from public outdoor display.

New Orleans, La., Code of Ordinances § 146-611(b) (1995). On Thursday, March 31, 2016, Plaintiff appeared before the Government Affairs Committee of the City Council (GAC).[2] Plaintiff was granted the opportunity to make a fifteen-minute presentation to the GAC

---

[1] R. Doc. 1 at 8. Record Document 1 refers to Plaintiff's complaint that was originally listed in case 16-12495, but later consolidated with 15-6905. *See* Case No. 16-12495, R. Doc. 5.
[2] R. Doc. 1 at 8.

explaining why the review process should be initiated to consider removing the Andrew Jackson statue. Despite Plaintiff's efforts, the City Council has currently not decided to conduct a hearing to determine whether the Andrew Jackson statue should be removed.

On July 7, 2016, in response to the City Council not acting upon his request to conduct a hearing, Plaintiff filed this lawsuit.[3] On July 28, 2016, this case was consolidated with Monumental Task Committee, Inc., et al v. Anthony R. Foxx, et al.[4] "Plaintiff asserts that the above-named Defendants violated his rights guaranteed under the 'Equal Protection Clause'" of the Fourteenth Amendment to the United States Constitution.[5] Plaintiff also argues that he did not receive adequate due process.[6] On August 15, 2016, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim under the Fourteenth Amendment.[7] Plaintiff filed a timely opposition,[8] which was then met with a reply by Defendants.[9] Plaintiff filed a brief, one-page sur-reply to Defendants' reply.[10] Defendants' motion to dismiss is now before the Court on the briefs and without oral argument.

---

[3] *See id.*
[4] *See* n. 1.
[5] R. Doc. 1 at 1.
[6] *See id.* at 4-5; R. Doc. 117 at 8-9 ("Plaintiff maintains his complaint is clear and concise in establishing that he believes his Constitutional rights, under the Fourteenth Amendment, had been violated and that he did not receive due process following his hearing before, [sic] the City Council on 31 March.")
[7] R. Doc. 112.
[8] R. Doc. 117.
[9] R. Doc. 124.
[10] R. Doc. 127.

## PARTIES' ARGUMENTS

### 1.  Plaintiff's Arguments

The primary claim set forth in Plaintiff's complaint is that he was denied Equal Protection under the Fourteenth Amendment.[11] "Plaintiff contends that his Constitutional rights were violated by the transparent failure of the defendants to apply [Section 146-611 of the New Orleans City Code] equally and with exact justice."[12] Plaintiff argues that he did not receive the same due process that Mayor Landrieu received when Plaintiff petitioned the City Council to consider removing the Andrew Jackson statue. Specifically, Plaintiff argues that when Mayor Landrieu petitioned the City Council pursuant to Section 146-611 to consider removing four monuments, Mayor Landrieu was permitted to address the City Council in its entirety.[13] However, when Plaintiff petitioned the City Council pursuant to Section 146-611(b) he was only heard by the GAC and three City Council members.[14] It was at this point that Plaintiff contends Mayor Landrieu was given preferential treatment and that Plaintiff's rights under the Fourteenth Amendment were violated.[15] Plaintiff argues that he was granted a "hearing" under Section 146-611(b) and that the City Council did not subsequently

---

[11] R. Doc. 117 at 5.
[12] R. Doc. 1 at 1.
[13] *Id.* at 3-5.
[14] *Id.*
[15] R. Doc. 1 at 4.

fulfill the requirements of Section 146-611(c);[16] thus, Plaintiff argues that Mayor Landrieu was "accorded preferential and biased treatment" which also violated Plaintiff's Fourteenth Amendment rights.[17]

Throughout his complaint and reply memoranda, Plaintiff also references that his due process rights were violated.[18] Construed liberally, it appears that Plaintiff argues that Defendants deprived him of his due process right to petition a fully empaneled City Council. This argument stems from the previous argument—Mayor Landrieu was granted a hearing in front of a fully empaneled City Council, whereas Plaintiff's presentation was only heard by three City Council members. Plaintiff asks that this Court issue a judgment requiring Defendant Jason R. Williams to initiate the review process outlined Section 146-611 and prohibiting Defendant

---

[16] Section 146-611(c) provides:

> In any hearing conducted pursuant to this section, the council shall solicit the recommendations of the city planning commission when required by the City Charter and comments and recommendations of the historic district landmarks commission, the Vieux Carre Commission (if applicable), other government or private historical offices or societies, the chief administrative officer, the city attorney, the superintendent of police, and the director of the department of property management. In any such hearing, the council shall also provide for the submission of comments and testimony by the public. Prior to any such hearing, the council shall request that public hearings be conducted by and recommendations obtained from the human relations commission or other appropriate agencies.

New Orleans, La., Code of Ordinances § 146-611(c) (1995). Thus, Plaintiff argues because he was granted a "hearing" that the council was required to solicit recommendations to remove the Andrew Jackson statue pursuant to Section 146-611(c). In actuality, the opportunity that Plaintiff was afforded to present his arguments to the GAC does not seem to be the hearing under Section 146-611(b), but rather a presentation of a request of an elector of the city.
[17] R. Doc. 1 at 5.
[18] *See id.* at 1, 4, 5; *see also* R. Doc. 117 at 8-9, 14, 19.

Mayor Landrieu from speaking with any person who may be affiliated with the removal of the Andrew Jackson statue.[19]

## 2. Defendants' Arguments

Defendants argue that Plaintiff's complaint fails to state a valid claim under the Fourteenth Amendment.[20] Defendants first argue that the City Council's refusal to act upon Plaintiff's request did not "distinguish between classes of individuals or groups" nor did it have a "disparate impact on members of a suspect class."[21] Thus, Defendants argue that Plaintiff's complaint fails to identify any way in which a group of citizens have been treated differently. Further, Defendants argue that Plaintiff's complaint does not set forth any facts tending to prove that the City Council acted irrationally and with discriminatory intent by refusing to entertain Plaintiff's request to remove the Andrew Jackson statue.[22] As to Mayor Landrieu's allegedly preferential treatment, Defendants argue that the mayor's authority to address the City Council and have a voice in such proceedings arises from Home Rule Charter Section 4-206,[23] rather than New Orleans City Ordinance

---

[19] R. Doc. 1 at 7.
[20] R. Doc. 112-1 at 1.
[21] *Id.* at 9.
[22] *Id.* at 10.
[23] Home Rule Charter § 4-206(2), "Powers with Respect to Council", provides:
    (a)   Present to the Council messages or information which in the Mayor's opinion are necessary or expedient.
    (b)   Attend Council meetings and have a voice in the proceedings.
    (c)   Call special sessions of the Council.
    (d)   Veto ordinances.

Section 146-611(b).[24] In fact, Defendants argue that the presentation Plaintiff presented to the GAC was a privilege, rather than a right, because not every elector of the city is granted the right to summon the City Council for policy discussions.[25] Finally, Defendants argue that the City is entitled to reasonable attorney's fees for Plaintiff's allegedly frivolous and unreasonable lawsuit.[26]

**LEGAL STANDARD**

## 1. 12(b)(6) Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570.

---

[24] R. Doc. 112-1 at 12.
[25] *See id.* at 13.
[26] *Id.*

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true. *McCoy v. Housing Auth. of New Orleans*, No. 15-389, 2015 WL 9204434, at *5 (E.D. La. Dec. 17, 2015) (citing *Leatherman v. Tarrant Ctny. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true. *Iqbal*, 556 U.S. at 677-78. Legal conclusions must be supported by factual allegations. *See id.* at 679. The complaint need not contain detailed factual allegations, but must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* at 678. From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed. *Moore v. Metro Human Serv. Dep't*, No. 9-6470, 2010 WL 146224, at *2 (E.D. La. Apr. 8, 2010) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007)).

2.    **Fourteenth Amendment: Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment protects individuals from state governmental action that works to treat similarly situated individuals differently. *John Corp. v. City of Houston*, 214 F.3d 573, 586 (5th Cir. 2000). To state a claim under the Equal Protection Clause, a plaintiff must demonstrate that he has been treated differently due to his membership in a protected class and that the unequal treatment stemmed from discriminatory intent. *Mills v. City of Bogalusa*, 112 F. Supp. 3d 512, 516 (5th Cir. 2015) (citing *Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 228 (5th Cir. 2008)). "[A] violation of equal protection occurs only when the government treats someone differently than others similarly situated; if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action—even if irrational—does not deny them equal protection of the laws." *Brennan v. Stewart*, 843 F.2d 1248, 1257 (5th Cir. 1988).

An equal protection claim depends on either identifying a class or showing that the aggrieved party is a "class of one." *Gil Ramirez Grp., LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 419 (5th Cir. 2015). The Supreme Court has recognized successful equal protection claims brought by a "class of one," where a plaintiff does not allege membership in a class or group, but rather

individually, the plaintiff alleges that she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Court noted that "the purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Id.* (citing *Sioux City Bridge Co. v. Dakota Cnty*, 260 U.S. 441 445 (1923). To establish a "class-of-one" claim, a plaintiff must show that (1) he or she was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment. *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007) (citing *Olech*, 528 U.S. at 564). The Fifth Circuit recognizes three different types of "class of one" claims: "selective enforcement"; "personal vindictiveness"; and adverse zoning permit decisions. *La. Cmty. Dev. Capital Inv. Fund, Inc. v. Grambling Legends Square Taxing Dist.*, No. 14-2212, 2015 WL 1737954, at *7 (W.D. La. Mar. 16, 2015) (report and recommendation adopted in *La. Cmty. Dev. Capital Inv. Fund, Inc. v. Grambling Legends Square Taxing Dist.*, No. 14-2212, 2015 WL 1800319 (W.D. La. Apr. 16, 2015)). While some circuits have found that "vindictive animus" is necessary for a "class-of-one" claim, the

10

Fifth Circuit "has rejected the argument that all 'class of one' equal protection claims require a showing of vindictive animus. *Compare Mikesa v. City of Galveston*, 451 F.3d 376, 381 n. 4 (5th Cir. 2006) and *Stotter*, 508 F.3d at 824 *with Hilton v. City of Wheeling*, 209 F.3d 1005 (7th Cir. 2000). A plaintiff's "class of one" equal protection claim may be dismissed on a Rule 12(b)(6) motion to dismiss if the government's actions are rationally related to a legitimate government interest. *See Jabary v. City of Allen*, 547 F. App'x 600, 605 (5th Cir. 2013) (unpublished) (dismissing plaintiff's equal protection claim where government had an "obvious alternative explanation" for revocation of certificate); *Capital Inv. Fund*, 2015 WL 1737954, at *9 (dismissing plaintiffs' "class of one" equal protection claim on a Rule 12(b)(6) motion where stated explanation for differential treatment was rational); *Dennis Melancon, Inc. v. City of New Orleans*, No. 12-1337, 2014 WL 1117881, at *7 (E.D. La. Mar. 19, 2014) (dismissing plaintiff's equal protection claim on a 12(b)(6) motion where local ordinances were rationally related to a legitimate government interest); *Bennet v. City of New Orleans*, No. 03-912, 2004 WL 60316, at *5 (E.D. La. Jan. 9, 2004) (dismissing plaintiffs' equal protection claims on a Rule 12(b)(6) motion because the city's actions were rationally related to the city's interests); *XP Vehicles, Inc. v. Dept. of Energy*, 118 F. Supp. 3d 38, 78 (D.C. Cir. 2015) (finding plaintiffs' complaint

11

did not contain sufficient allegations to survive defendant's 12(b)(6) motion to dismiss where there were no other similarly situated party and there was a rational basis for the differential treatment); *Miller v. City of Monona*, 784 F.3d 1113, 1121 (7th Cir. 2015) (affirming district court's dismissal of plaintiff's complaint on defendant's 12(b)(6) motion to dismiss where there was a rational basis for the challenged action).

3.   **Fourteenth Amendment: Due Process**

The Due Process clause of the Fourteenth Amendment declares that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. There are two types of due process protections: substantive and procedural. *Jones v. Bd. of Supervisors of the Univ. of La. Sys.*, No. 14-2304, 2015 WL 3409477, at *4 (E.D. La. May 27, 2015). In order for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment. *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012) (citing *Meza v. Livingston*, 607 F.3d 392, 299 (5th Cir. 2010)). The Supreme Court has adopted a two-step analysis to examine whether an individual's procedural due process rights have been violated. The first question "asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were

constitutionally sufficient." *Meza*, 607 F.3d 392, 299 (quoting *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted)).

Substantive due process bars arbitrary, wrongful government action regardless of the fairness of the procedures used to implement them. *Lewis v. Univ. of Tex.*, 665 F.3d 625, 630-31 (5th Cir. 2011); *March Outdoor Advert., Inc. v. Reg'l Transit Auth.*, 489 F.3d 669, 673 n. 3 (5th Cir. 2007) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). In order to establish a substantive due process violation, a plaintiff must first show the existence of a constitutionally protected right to which the Fourteenth Amendment's due process protection applies. *Simi Inv. Co., Inc. v. Harris Cnty, Tex.*, 236 F.3d 240- 249-50 (5th Cir. 2000). "If there is no denial of life, liberty, or property, then the government is not required to provide due process." *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 594 (E.D La. 2016). The Supreme Court has explained that property interests, for the purposes of the due process clause, are created and defined by existing rules or understandings that stem from an independent source such as state law. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The Court further stated that a protected property interest requires more than a person's abstract need, desire, or unilateral expectation of it; one must instead have a legitimate claim of entitlement to the property interest. *Id.* In addition, although

13

the existence of a property interest must be decided initially by reference to state law, federal constitutional law determines whether that interest rises to the level of entitlement protected by the due process clause. *Shawgo v. Spradlin*, 701 F.2d 470, 475 (5th Cir. 1983) (citing *Winkler v. Cnty of DeKalb*, 648 F.2d 411, 414 (5th Cir. 1981)). A plaintiff's substantive due process challenge to a local ordinance may be dismissed on a Rule 12(b)(6) motion if the ordinance is rationally related to a legitimate government interest. *See Nobles Const., LLC v. Par. of Washington*, No. 11-2616, 2012 WL 1865711, at *3 (E.D. La. May 22, 2012).

## DISCUSSION

The resolution of Defendants' motions turns primarily on whether Plaintiff has stated any viable Section 1983 claim. *See Nobles* 2012 WL 1865711, at *3. In order to state a valid Section 1983 claim, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff contends that he has adequately pled three Section 1983 claims, one based on the alleged violation of his equal protection rights, one based on the alleged violation of his procedural due process rights, and another based on the alleged violation of his substantive due process rights. The Court shall address each, in turn.

14

1.   **Fourteenth Amendment: Equal Protection**

An equal protection claim depends on either identifying a class or showing that the aggrieved party is a "class of one." *Gil Ramirez*, 786 F.3d at 419. Plaintiff does not claim that he was discriminated against on the basis of his membership in any particular class and therefore must rely on the class of one theory. *Id.* Liberally construed, it appears that Plaintiff has attempted to assert a "class of one" equal protection claim. Therefore, to survive Defendants' Rule 12(b)(6) motion to dismiss, Plaintiff must have alleged facts which plausibly state that (1) he was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment. *Stotter*, 508 F.3d at 824 (citing *Olech*, 528 U.S. at 564). Plaintiff attempts to allege that his rights were violated in two separate instances. First, Plaintiff alleges that his Fourteenth Amendment rights were violated when his request to initiate the review process stipulated in Section 146-611 for the removal of the Andrew Jackson statue was denied, despite "utilizing the same rationale as that used by *elector* Defendant Landrieu."[27] After petitioning the City Council to initiate the procedure, which was denied, Plaintiff argues that Defendant Williams should have commenced the procedures outlined in Section 146-611(c).[28] Second, Plaintiff argues that his

---

[27] R. Doc. 1 at 3-4 (emphasis in original).
[28] *Id.* at 5.

Fourteenth Amendment rights were violated when he was not permitted the same opportunity as Mayor Landrieu to present his argument before the entire City Council.[29]

As to Plaintiff's first argument, he must first allege that he and Mayor Landrieu were similarly situated when they petitioned the City Council to initiate the review process to remove the monuments. *See Lindquist*, 669 F.3d at 234. Plaintiff alleges that he and Mayor Landrieu were similarly situated because they both petitioned the City Council to initiate the review process to remove monuments as electors of the city under Section 146-611.[30] The Court is uncertain whether qualifying as an elector of the city, alone, is sufficient to satisfy the "similarly situated" prong.[31] When a case involves the application of an ordinance or statute, like this one, the Fifth Circuit instructs courts to examine the plaintiff's and comparator's relationships with the ordinance when analyzing the similarly situated prong. *Lindquist*, 669 F.3d at 234. However, the Fifth Circuit also noted that the inquiry cannot be rigid and requires courts to consider "the full variety of factors that an objectively reasonable . . .

---

[29] *Id.* at 4.
[30] *Id.* at 3-6.
[31] The present situation is different than the typical "class-of-one" claim. The Fifth Circuit has recognized three different types of class of one claims. *See Lindquist*, 656 F. Supp.2d at 685. They include "selective enforcement," "personal vindictiveness," and adverse zoning permit decisions. *Id.* (citing *Beleer v. Rounsavall*, 328 F.3d 813 (5th Cir. 2003); *Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000); *Bryan v. City of Madison, Miss.*, 213 F.3d 267 (2000)). Plaintiff's claim does not squarely fit within any of these, but rather shares characteristics of each.

decisionmaker would have found relevant in making the challenged decision." *Id.* at 233 (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1203 (11th Cir. 2007)). The Court has not identified a case where one single criterion between two persons satisfies the similarly situated prong, and this is probably for good reason. Presumably, any person can find some similarity between herself and another to suggest that the two are similarly situated. In this case, however, one noticeable difference between Mayor Landrieu and Plaintiff is that the two requested the review of different monuments, each with particular and unique reasons for their suggested removal. But even assuming that Plaintiff and Mayor Landrieu were similarly situated, which the Court does not decide, Plaintiff's request must fail for a similar, but equally sufficient reason—there was a rational basis for the City Council to initiate the review procedure upon Mayor Landrieu's request and not Plaintiff's request.

Plaintiff argues that "the rule of law was bent to favor Defendant Landrieu who holds the highest influence within the City of New Orleans' hierarchy of power."[32] However, Plaintiff makes no argument that the City Council acted irrationally[33] or arbitrarily

---

[32] R. Doc. 1 at 5.

[33] Plaintiff's sur-reply makes the conclusory statement that he can prove the City Council's actions were irrational and discriminatory. (R. Doc. 127.) However, a complaint cannot simply "leave open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 550 U.S. at 561 (citations and internal alterations omitted). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

when it denied Plaintiff's petition to initiate the review process pursuant to Section 146-611. Plaintiff merely presents arguments as to why the City Council should have initiated the review process to remove the Andrew Jackson statue.[34] In fact, Plaintiff's own argument shows that the City Council, or its subcommittee, may have bent the rules in Plaintiff's favor by granting him an in-person presentation. Section 146-611 provides that "upon presentation of a request of an elector of the city," the City Council "may" conduct a hearing to determine whether a monument or statue should be removed. New Orleans, La., Code of Ordinances § 146-611(b) (1995). The ordinance does not grant nor guarantee any elector of the city the right to present a fifteen-minute proposal in support of their position. *See id.* More importantly, Defendants have presented several rational reasons why the City Council may have initiated the review procedure upon Mayor Landrieu's request and not Plaintiff's. The City Council may have determined that the Andrew Jackson statue occupies the center frame of New Orleans' most famous, historic, and heavily photograph public square, is not tainted by the same degree of invidious animus, or that the open legal issues raised by removal of the Confederate monuments should be resolved before additional monuments are considered for removal.[35] These are just some of the numerous rational reasons the

---

[34] R. Doc. 117 at 14-18.
[35] R. Doc. 112-1, at 11-12.

City Council may have considered. Because the Court finds that there is a rational alternative explanation for the City Council's decision, and because the City Council is granted discretion in deciding which matters to review and not review, Plaintiff's class of one equal protection claim is not plausible. *See Engquist v. Or. Dept. of Agric.*, 553 U.S. 591 (2008);[36] *Jabary*, 547 F. App'x at 605 (dismissing plaintiff's equal protection claim where government had an "obvious alternative explanation" for differing treatment); *Hines v. Alldredge*, 783 F.3d 197, 203 (5th Cir. 2015) (affirming district court's dismissal on a 12(b)(6) motion to dismiss where there was a rational basis for the classification); *Capital Inv. Fund*, 2015 WL 1737954, at *9 (dismissing plaintiffs' class of one equal protection claim on a Rule 12(b)(6) motion to dismiss where stated explanation for differential treatment was not irrational or arbitrary); *Dennis Melancon*, 2014 WL 1117881, at *7 (dismissing plaintiff's equal protection claim on a 12(b)(6) motion to dismiss where local ordinances were rationally related

---

[36] In *Engquist*, the Supreme Court explained that "there are some forms of state action, however, which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise." *Engquist*, 553 U.S. at 603. The City Council is not required to initiate the Section 146-611(c)'s review procedure for every issue that is presented. If such a procedure was permitted, it would undermine the very discretion that the City Council members are entrusted to exercise. The Court finds this as another reason why Plaintiff's equal protection challenge must be dismissed.

to a legitimate government interest); *Bennet*, 2004 WL 60316, at \*5 (dismissing plaintiffs' equal protection claims on a Rule 12(b)(6) motion to dismiss because the city's actions were rationally related to the city's interests); *Miller*, 784 F.3d at 1121-23 (affirming district court's dismissal of plaintiff's complaint on defendant's 12(b)(6) motion to dismiss where there was a rational basis for the challenged action).

Plaintiff's second argument—that his Fourteenth Amendment rights were violated when he was not permitted the same opportunity as Mayor Landrieu to present his petition before the entire City Council—must also be dismissed for failure to state a class of one equal protection claim. Plaintiff argues that Mayor Landrieu was allowed to address an entire panel of the City Council when he requested that it initiate the review procedures pursuant to Section 146-611.[37] Plaintiff argues that when he requested such a review under the same ordinance, he was only permitted to appear before the Government Affairs Committee before three council members.[38]

Plaintiff contends that Mayor Landrieu was granted a hearing before the entire City Council *pursuant to* Section 146-611. Even accepting this as true,[39] and that Plaintiff and Mayor Landrieu were similarly situated, Plaintiff has failed to demonstrate or

---

[37] R. Doc. 1 at 4.
[38] *Id.*
[39] Defendants argue that this is not true. (R. Doc. 112-1, at 12-13.)

even allege that there is no rational basis for why he was treated differently, other than point to the mayor's political position. However, as noted previously in this opinion, there is at least *a* rational basis for this differing treatment.[40] Additionally, Mayor Landrieu is granted the right to attend council meetings and have a voice in such proceedings pursuant to Home Rule Charter Section 4-206. The Home Rule Charter explicitly gives Mayor Landrieu the power to: (1) Present to the City Council messages of information which are necessary or expedient; (2) Attend City Council meetings and have a voice in the proceedings; (3) Call special sessions of the City Council; and (4) Veto ordinances. New Orleans, La. Home Rule Charter § 4-206(2)(a)-(d). Private citizens are not granted any right pursuant to Section 146-611 to present an in-person presentation demonstrating why a monument or statue should be removed. *See* New Orleans, La., Code of Ordinances § 146-611 (1995). This, along with a myriad of other conceivable reasons, provides a rational basis for the City Council's "unequal" treatment. Because the Court finds that there is an obvious and rational alternative explanation for the City Council's differential treatment of Plaintiff and Mayor Landrieu, Plaintiff's second, class-of-one equal protection claim must also be dismissed. *See Engquist*, 553 U.S. at 603; *Jabary*, 547 F. App'x at 605; *Capital*

---

[40] *Id.* at 11-12.

*Inv. Fund*, 2015 WL 1737954, at *9; *Dennis Melancon*, 2014 WL 1117881, at *7; *XP Vehicles*, 118 F. Supp. 3d at 78; *Miller*, 784 F.3d at 1121-23.

## 2.    Fourteenth Amendment: Due Process

Throughout his complaint, Plaintiff argues that he did not receive "similar due process."[41] Because Plaintiff has filed this lawsuit *pro se*, the Court shall liberally construe Plaintiff's complaint as attempting to allege a violation of his due process rights under the Fourteenth Amendment. Plaintiff's complaint does not implicate a deprivation of life or liberty. Therefore, the Court must be able to construe some plausible argument from Plaintiff's complaint that he has been denied a protected property interest in violation of his substantive or procedural due process rights.

### a.    Procedural Due Process

Procedural due process "imposes constraints on governmental decisions that deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Nobles*, 2012 WL 1865711, at *4 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976)). The Fourteenth Amendment's procedural protection of property is a safeguard of security of interests that a person has already acquired in

---

[41] R. Doc. 1 at 4.

specific benefits. *Roth*, 408 U.S. at 576. To have a property interest in a benefit, a person must have more than an abstract need or desire for it. *Id.* at 577. He must have more than a unilateral expectation of it. *Id.* He must, instead, have a legitimate claim of entitlement to it. *Id.* Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Id.* In order to state a valid procedural due process claim, a plaintiff must allege (1) the deprivation of a protected property or liberty interest, and (2) that the deprivation occurred without due process of law. *Grimes v. Pearl River Valley Water Supply Dist.*, 930 F.2d 441, 444 (5th Cir. 1991).

Plaintiff has not alleged, nor does Section 146-611 provide, that he has a life, liberty, or property right to present his arguments to a fully empaneled City Council. Consequently, Plaintiff's procedural due process claim must be dismissed. *See Nobles*, 2012 WL 1865711, at *5.

### b.  Substantive Due Process

"A violation of substantive due process . . . occurs only when the government deprives someone of liberty or property" or, in other words, when the government deprives a person of a constitutionally protected interest. *Simi Inv. Co*, 236 F.3d at 249

(quoting *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988)). In order to assert a substantive due process claim, Plaintiff must at least demonstrate the deprivation of a protected property interest established through some independent source such as state law. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1046 (5th Cir. 1998). If such a property right exists, the question becomes "whether a rational basis exists between the policy and a conceivable legitimate objective. If the question is at least debatable, there is no substantive due process violation." *FM Prop. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996). "Only an abuse of power that 'shocks the conscience' is actionable through a substantive due process claim." *Nobles*, 2012 WL 1865711, at *5 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 325 (5th Cir. 2002)). Here, Plaintiff has not alleged, nor proven, that he has been deprived of a protected property interest through some independent source. Further, even if Plaintiff had established such right, he has not alleged, nor proven, that the City Council's failure to allow him to petition a fully empaneled council "shocks the conscience." *See Nobles*, 2012 WL 1865711, at *5 (dismissing substantive due process claim on 12(b)(6) motion to dismiss where plaintiff failed to demonstrate conduct was sufficiently egregious to rise to the level of shocking the conscience). Accordingly, Plaintiff's substantive due process claim must also be dismissed.

### 3.   Defendants' Request for Attorney's Fees

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a section 1983 action. *See Allen v. Lowe*, No. 14-204, 2015 WL 1021695, at *2 (E.D. La. 2015) (noting availability of attorney's fees for prevailing defendant in section 1983 action). "A prevailing defendant is entitled to fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless." *Id.* (quoting *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)). "A court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately unsuccessful." *Id.* (quoting *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012)). "To determine whether a claim is frivolous or groundless, [the Fifth Circuit has] stated that courts may examine factors such as: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial." *Id.* (quoting *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th. Cir. 2011)).

In opposition to Defendants' request for attorney's fees, Plaintiff argues that his lawsuit was not filed frivolously, but rather to protect his constitutional rights to due process and

equal protection under the law.[42] Applying the three factors provided by the Fifth Circuit, an award of attorney's fees might be appropriate in this case. Plaintiff's lawsuit is truly an empty gesture. Plaintiff asks this Court to force the City Council to initiate the legal procedure to remove the Andrew Jackson statue. Yet, in the same breath, Plaintiff has publicly stated that he "does not want to see any statues taken down" and that "his petition isn't calling for Jackson's removal."[43] The impetus behind this lawsuit is merely to place the Mayor and the City Council in a quandary—Jackson, too, or none at all. However, considering Plaintiff's *pro se* status, the Court will exercise its discretion to not award attorney's fees.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(R. Doc. 112)** is **GRANTED.** Plaintiff's claims are **DISMISSED WITH PREJUDICE.**[44]

New Orleans, Louisiana this 3rd day of October, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[42] R. Doc. 117 at 11.
[43] R. Doc. 112-2 at 4.
[44] This Order and Reasons applies to case 16-12495 and 15-6905.