UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MONUMENTAL TASK COMMITTEE, INC.**, *et al*. | * * * | **CIVIL ACTION NO.: 2:2015-cv-06905** |
| **VERSUS** | * * | **JUDGE BARBIER** |
| **ANTHONY N. FOXX, in his official capacity as Secretary of Transportation**, *et al*. | * * * | **MAGISTRATE KNOWLES** |
| *THIS PLEADING APPLIES TO 15-6905* | * | |
| * * * * * * * * * * * * * * * * * * | * | |

**OPPOSITION TO MOTION FOR LEAVE TO FILE SUR REPLY MEMORANDUM**

Plaintiffs seek leave to argue that the City does not own a Civil War memorial located atop the neutral ground at the junction of four city streets. Leave to file should be denied because the arguments are ultimately futile to the issues before this Court. **First,** there is no need to pinpoint whether the Beauregard Monument rests atop City Park or the adjacent public street because the City owns and may regulate both**. Second,** the question of ownership is purely academic because plaintiffs have conceded that they do not own the monuments and, therefore, do not have standing to assert the potential rights of third parties. **Third**, plaintiffs' submission contains unauthenticated hearsay that is insufficient to defeat summary judgment.  The motion should be denied.

**LAW AND ARGUMENT**

**1.     The City Has Ownership and Legal Authority Over City Park and City Streets.**

Plaintiffs complain that the City has "never produced a shred of evidence that the City owns the Beauregard Equestrian Monument."[1] Even if this were the City's burden, the statement

---

[1]   R. Doc. 139-3, p. 4.

is incorrect.[2] The City's ownership of streets and parks arises as a matter of law. The Louisiana Supreme Court has explicitly held that the City of New Orleans owns and controls City Park.[3] The Civil Code and jurisprudence likewise establish the City's ownership of streets and neutral grounds.[4] Ownership of land also includes "constructions permanently attached to the ground," which are "presumed to belong to the owner of the ground, unless separate ownership is evidenced by an instrument filed for registry in the conveyance records of the parish in which the immovable is located."[5] The City's ownership of the Beauregard Monument – whether located within City Park or atop an adjacent street – exists as matter of law.

It is unclear what plaintiffs hope to gain by proving that the Beauregard Monument rests within City Park when the monument clearly sits atop the neutral ground.[6] Either way, the City owns the underlying land and the improvements.[7] While the City Park Improvement Association may have certain authority to regulate City Park, the authority does not divest the City of its rights as an owner or its power to abate nuisances. In issues of purely local concern, the City enjoys greater authority than the State, and the Louisiana Supreme Court has repeatedly recognized New

---

[2] The City briefed this issue at length at the preliminary injunction stage and in its motion for summary judgment.
[3] *City of New Orleans v. La.*, 443 So. 2d 562, 570 (La. 1983).
[4] LA. CIV. Code art 450 (defining public thing to include streets and squares); *see also Save Our Parkways, Inc. v. City of New Orleans*, 357 So. 2d 57, 58 (La. App. 4 Cir. 1978). (holding that neutral grounds constitute a portion of the street under the jurisdiction of the City).
[5] LA. CIV. CODE art 491; *see also Bayou Fleet P'ship v. Dravo Basic Materials Co.*, 106 F.3d 691, 694 (5th Cir. 1997). Plaintiffs have provided the Court with no recorded instrument evidencing their ownership of the monument, or that of anyone else.
[6] The map attached as Plaintiffs' Exhibit 4 indicates that the Beauregard Monument **is not** within the Boundaries of City Park, wholly undercutting plaintiffs' argument.
[7] *City of New Orleans.*, 443 So. 2d at 570.

2

Orleans' home-rule authority by invalidating state intrusions into local matters.[8] In fact, the Court has specifically recognized the City's authority over City Park:

> The state has never registered City Park or Audubon Park as being owned by or under the control of the state or its boards, commissions, departments and agencies. The state has always impliedly recognized the City's ownership.[9]

Plaintiffs' claim that the City lacks the authority to exercise the police power within City Park is unavailing as a matter of law.

2.   **The Actual Ownership of the Beauregard Monument Is Irrelevant.**

Plaintiffs' brief attempts to raise a fact issue about the true owner of the Beauregard Monument. But that is not the question before this Court. The question is whether plaintiffs have been deprived of a constitutionally protected property interest without due process of law – not the State or some third party. Plaintiffs have repeatedly and unequivocally disclaimed ownership of any of the four monuments at issue in this litigation.[10] These admissions render the purported evidence of the actual ownership of monument immaterial to their federal claims.

A litigant has standing to challenge laws "only where the statute seriously affects the party's *own rights*."[11] A litigant must complain of a "defect in the application of the statute to him

---

[8]   *See generally City of New Orleans v. Bd. of Comm'rs of the Orleans Levee Dist.*, 640 So. 2d 237 (La. 1994) (upholding City's authority to enforce zoning laws against state agencies and discussing Home Rule authority); *Francis v. Morial*, 455 So. 2d 1168 (La. 1984) (invalidating state legislation purporting to impinge upon City's internal affairs).

[9]   *City of New Orleans v. La.*, 443 So. 2d 562, 570 (La. 1983).

[10]  R. Doc. 39, p. 4 ("Although the City repeatedly refers to Plaintiffs as claiming an ownership interest in the monuments, they do not. Plaintiffs argue only that they acquired a protected property interest in the monuments."); R. Doc. 53 at 30:11-16 (THE COURT: That's what I'm trying to get to. How does that create a protected property interest? You don't claim ownership of anything, right? MR. JONES: We do not. THE COURT: You don't claim ownership. MR. JONES: We do not.); R. Doc. 71. p. 3 ("No matter how many times plaintiffs deny it, the City of New Orleans continues to suggest plaintiffs claim to be owners of all or part of the four monuments. They do not.")

[11]  *In re Melancon*, 935 So. 2d 661, 667 (La. 2006).

or herself, not of a defect in its application to third parties in hypothetical situations."[12] The fact that the City Park Improvement Association or some unidentified third party might have rights in the monument is irrelevant to whether plaintiffs do. The fact that none of these purported owners has sought to intervene, despite the extremely high level of media attention surrounding this case, is telling.

### 3.     Plaintiffs' Submissions Are Inadmissible.

Irrelevance aside, this Court should deny appellant's motion for the additional reason that the documents appended thereto are not properly authenticated and contain inadmissible hearsay.[13] As such, they are insufficient to defeat summary judgment.

### CONCLUSION

Plaintiffs' latest filing is a bald attempt to make this litigation outlast the current administration. The arguments are futile, inaccurate, and ultimately irrelevant to the legal issues before this Court. Absent some cogent explanation as to how plaintiffs own the Beauregard Monument and then failed to receive due process, any additional briefing wastes paper and time. The motion for leave to file a sur reply should be **DENIED**.

---

[12]   *Id*.; *see also City of East Baton Rouge/Parish of East Baton Rouge v. Myers*, 145 So. 3d 320, 331 (La. 2014).

[13]   *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence."); *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("Neither the district court nor this court may properly consider hearsay evidence in affidavits and depositions. . . . Unsworn documents are also not appropriate for consideration.") (internal citations omitted).

Respectfully submitted,

*/s/ Adam J. Swensek*
**Adam J. Swensek, T.A. Lar Bar No. 30751**
Chief Deputy City Attorney (ajswensek@nola.gov)
**Patrick Eagan, La. Bar No. 34848**
Assistant City Attorney (epeagan@nola.gov)
**Theresa R. Becher La. Bar No. 31036**
Deputy City Attorney (trbecher@nola.gov)
**Churita H. Hansell, La. Bar No. 25694**
Deputy City Attorney (chhansell@nola.gov)
**Cherrell S. Taplin, La. Bar No. 28227**
Chief Deputy City Attorney (cstaplin@nola.gov)
**Rebecca H. Dietz, Lar Bar No. 28842**
City Attorney (rhdietz@nola.gov)
1300 Perdido Street, Room 5E03
New Orleans, Louisiana 70112
Telephone: 504-658-9920
Facsimile: 504-658-9868

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2016 I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Adam J. Swensek*