


TENDERED FOR FILING

MAY 2 2 2017

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONUMENTAL TASK COMMITTEE, INC., et al.

versus

ANTHONY R. FOXX, et al.

Civil Action

2:15-06905-CJB-DEK
Class Action Suggested

Section: "J" (3)

## MOTION FOR LEAVE TO INTERVENE
### Rule 24(a)(2)

1. I, the undersigned, Charles Edward Lincoln, III, come now before the Court as a Plaintiff-in-Intervention, on behalf of myself and all persons similarly situated, with this Motion for Leave to Intervene filed pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, filed together with my Motion to Amend or Alter Judgment, or for relief from judgment.

2. As of today, Monday, May 22, 2017, the above-entitled and numbered case remains "open", as shown on public access "PACER" on-line as of 11:30 am, and no separate "Final Judgment" has been entered under either of Rules 54 or 58.

### CULTURAL ENVIRONMENT & RESOURCES

3. In an outrageous omission resulting in manifest injustice, the original Plaintiffs, the Defendants, and this Court all overlooked

*Motion for Leave to Intervene, and to file Complaint-in-Intervention to Establish Class Injury*

1

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

critical and controlling legal authority in this case, namely Article 9, Section 1 of the Louisiana Constitution.

4. This Article 9, Section 1 Constitutional guarantee of environmental protection should have protected all four of these historic monuments from removal without careful study of their roles and places in the cultural, aesthetic, and scenic environment of New Orleans.

5. Article 9, Section 1, of the Louisiana Constitution now requires "replenishment", which means "restoration" of these monuments to their place in the socio-cultural and symbolic, built environment of New Orleans.

6. In regard to the Liberty Place Monument, a major Federal agency decision was announced during the course of this litigation.

7. That Federal agency decision, announced jointly ONLY in papers filed in this case by H.U.D. and A.C.H.P. was made without benefit of even a minimal environmental assessment or environmental impact statement as required under 42 U.S.C. §4321 et seq.

## HATEFUL GOVERNMENT SPEECH TARGETED AT DISCRETE & INSULAR MINORITY VIOLATES EQUAL PROTECTION

8. As Plaintiff-in-Intervention, I also assert civil rights violations, on behalf of myself as an individual, and of the class I propose to represent, a series of interests relating to the subject matter of this action, namely the New Orleans Monument-as-Nuisance Abatement Ordinance concerning four historic monuments, enacted in December 2015.

9. No class action interests or socio-cultural group definitions were asserted or proposed by the original plaintiffs in this case.

10. Accordingly, one month ago, this Court ruled (Document 155, at pages 10-11, 20-23, entered April 24, 2017) that the original plaintiffs had neither alleged credible classes subject to equal protection nor shown irrational differential treatment.

11. This shows that, obviously, the Plaintiff's class has not been adequately represented in the litigation to date by the existing parties.

12. Furthermore, in the intervening month since April 23, 2017, the class has suffered additional injuries, resulting from the violent, extreme and outrageous conduct of the state officers and actors in the city of New Orleans, who have trained snipers on non-violent protests

and sought to disarm and silence the people of the city in favor of foreign, alien elements brought in from the outside.

13. I allege and submit that the New Orleans Nuisance Abatement Ordinance constitutes and its implementation depends upon hateful government speech targeting and promoting discrimination against and second-class citizenship status for a specific, discrete and insular, politically powerless minority within the city and state of Louisiana, as well as within the United States as a whole.

14. I am a member of that minority, and a fair representative of that class to represent them in this litigation. The minority to which I refer, ironically, was formerly the Traditional Southern American "Power Elite" up until roughly 1974-1984. But former status and power is not an issue in equal protection analysis at all.

15. Rather, current status and disparate, unfair, government treatment of a discrete cultural and ethnic minority with distinct elements of national origin and racial identity makes this a suspect class.

## CULTURAL GENOCIDE: THE DESTRUCTION OF GROUP IDENTITY DEPENDENT ON SYMBOLS

16. Cultural genocide, as defined by current international law, is "destruction of a group" in its distinctiveness and particularity and in its feeling of belonging together.

17. A biological-physical destruction (mass murder) is not necessary.

18. As the European Court of Justice said in July 2007, in the case of ***Jorgic v. Germany*** (https://www.legal-tools.org/doc/812753/pdf/): ".... Genocide d[oes] not necessitate an intent to destroy a group physically, but...it [i]s sufficient to intend its destruction as a social unit."

19. I submit that cultural genocide is a violation of the 1st, 5th, 9th and 14th Amendments to the Constitution of the United States, and is therefore actionable under 42 U.S.C. §§1983 and 1988.

20. Mitch Landrieu, the City Council of New Orleans, and the "Take 'Em Down NOLA" group in particular, but also the Urban League of New Orleans, have agreed and conspired to engage in cultural genocide by symbolic and expressive, i.e., non-physical, forms of group destruction against the traditional southern minority in New

Orleans, Louisiana, and the American South (and United States, generally) which self-identifying and cohesive minority group consists of African Americans, White Caucasians, and persons of mixed race who share common, "Old South" traditional values.

21. The City government of New Orleans, and its allies such as "Take 'Em Down NOLA", has consistently mixed religious, cultural-ethnic, national origin, and racial criteria as bases of classification, each of which are "suspect classes" for purposes of Equal Protection analysis, in attacking my group, and that the destruction of my group is the express and well-articulated, the real primary purpose, of the historic monument-as-nuisance abatement ordinance.

22. The First, Fifth, Ninth, and Fourteenth Amendments to the Constitution defend supra-individual groups as objects of legal protection, i.e. "the right to assemble in public" at certain traditional places and for traditional purposes to reify the social existence of the group.

23. The City's purpose and intent to destroy the group by eliminating its central places and icons extends beyond the physical removal of these objects and does not depend on the biological extermination of the people, but "merely" amounts to action, with the

intent to destroy, in whole or in part, a national, racial, religious or ethnic group as such.

24. "Traditional Southern Americans", especially those with genealogical descent from Confederate Americans, constitute a national or culturally distinct "ethnic" minority group so lacking in political power as to warrant the Court's protection in this case.

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.6

As Required by Local Civil Rule 7.6, of the Eastern District of Louisiana, I served this Motion on all counsel-of-record for all parties listed in this case on PACER as of Monday, May 22, 2017. As of the time of filing, none of the parties had agreed to my intervention, but I will amend this Certificate of Conference as soon as I receive clear word from any or all counsel of record.

## PRAYER FOR RELIEF

Wherefore, I pray that the Court will grant me leave to intervene and allow me to file (and amend) this Complaint-in-Intervention, to conduct discovery, and ultimately, for a trial-by-jury.

I ask this Court to amend, alter, or otherwise grant relief from its order of April 24, 2017, for the benefit of all members of the

proposed class, so as to dispel any construction of that order which might constitute an approval or ratification of the environmental, cultural, or civil rights infringing effects described herein on the traditional Southern American people in general, and the "Old South" minority in the City of New Orleans, specifically.

I finally ask, move, and pray for all such other and further relief at law or in equity as this Court may deem just as a matter of common law, equity, constitutional or statutory right.

Respectfully submitted,

Monday, May 22, 2017

By: _____
Charles Edward Lincoln, III, Ph.D.
Plaintiff-in-Intervention, *pro se*
1215 Prytania Street, #333
New Orleans, Louisiana 70130
Telephone: (504) 777-5021
E-mail: charles.e.lincoln@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Motion for Leave to Intervene and to file my Complaint-in-Intervention, together with my proposed Complaint and Motion to Amend or Alter Judgment, or for Relief from Judgment, on this Monday the 22nd day of May 2017, either by e-mail or personal, hand delivery, to each counsel of record listed on the Civil Docket as it appeared on PACER on Monday, May 22, 2017.

By: _____
Charles Edward Lincoln, III, Ph.D.
Plaintiff-in-Intervention, *pro se*
1215 Prytania Street, #333
New Orleans, Louisiana 70130
Telephone: (504) 777-5021
E-mail: charles.e.lincoln@gmail.com